ROBERT FITCH SHEPARD et al., Respondents, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

Certain premises in the city of New York were formerly owned by R. & M., plaintiffs herein, and by F., as tenants in common. F. died, leaving the other plaintiffs, his widow and heirs-at-law, him surviving. In an action to recover damages to the premises caused by defendant's road and for an injunction, etc., the widow was joined as plaintiff; as administratrix of the estate of F., to recover the damages which accrued to the estate prior to F.'s decease, and individually with respect of her dower interest. Defendants demurred to the complaint, on the ground that causes of action not affecting all the parties were improperly joined, *held*, that the demurrer was properly overruled; that the plaintiffs, other than the widow, being the owners of the fee as tenants in common, were necessary parties; and that she was properly joined as plaintiff, having an interest individually in the equitable relief sought, and, both individually and as administratrix, in the damages which may be awarded as incidental to that relief; that while the administratrix might have a separate right of action at law for damages, as this and the equitable cause of action arose out of the same transaction, they were properly joined. (Code Civ. Pro. § 484, sub. 9.)

*It seems* in such an action the presence of all the parties who are interested in the subject of the suit and whom the provisions of a decree therein would or might affect, is proper if not actually necessary. (Code Civ. Pro. § 446.)

Owners of lots fronting on streets occupied by defendant's road have not only a remedy at law for the intrusion upon their rights, but, as the trespass is continuous in its nature, they may invoke the restraining

power of a court of equity and can recover damages as incidental to the equitable relief.

If the incidental relief by way of damages for past injuries affects other persons than the present owners, they may properly be brought in as parties.

(Argued November 25, 1889; decided December 3, 1889.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made at the May Term, 1889, which affirmed an interlocutory judgment, entered upon an order overruling a demurrer to plaintiffs' complaint.

The plaintiffs by their complaint ask for damages, sustained by reason of the existence of the Metropolitan Elevated Railroad structure in front of certain premises in New York city, and for an injunction against the continuance of the obstruction in the street and the operation of the road.

The defendant demurred on various grounds; but the demurrer insisted upon was that causes of action were improperly united in the complaint; in that causes of action have been united, which do not affect all the parties to the action.

Prior to April 1887, the premises were owned in fee by the plaintiffs, Robert F. Shepard and Mary N. Shepard and by Francis N. Shepard, as tenants in common. In that month Francis N. Shepard died intestate, leaving him surviving the plaintiffs Frances S. Shepard, his widow, and Francis B. Shepard, Jr., Irene F. Shepard and Dorothy B. Shepard, his only children and heirs-at-law. His widow became administratrix of his estate. The plaintiffs Robert F. Shepard, Mary N. Shepard, and the three children of Francis N. Shepard, deceased, are seized in fee of the premises, as tenants in common, and in bringing this action the widow of Francis N. Shepard was joined as a party plaintiff in two capacities, viz., as administratrix, to recover the past damages which occurred to the estate of the deceased tenant in common, and individually, with respect to her dower interest in the portion of the premises now owned by the children of the deceased.

*Edward S. Rapallo* for appellant. Causes of action have been improperly united in this complaint because they do not all affect all the parties to the action. (Code Civ. Pro. § 484.) Three causes of action are alleged in the complaint. (*Wiles v. Suydam*, 64 N. Y. 173; *Goldberg v. Utley*, 60 id. 427; *Richards v. Kinsley*, 14 N. Y. S. R. 701; *Davis v. N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 646; *Bell v. Merrifield*, 109 id. 209; *Stowell v. Chamberlain*, 60 id. 277; *S. A. R. R. Co. v. M. E. R. Co.*, N. Y. L. J., Mar. 14, 1889; *Secor v. Sturgis*, 16 N. Y. 558; *Taylor v. M. E. R. Co.*, 25 N. Y. S. R. 229.) The incidental jurisdiction of equity is no argument against the demurrer. (*Worrall v. Munn*, 38 N. Y. 147; *Taylor v. Taylor*, 43 id. 578; *M. A. Ch. v. O. S. Ch.*, 73 id. 83; *Wager v. Wager*, 89 id. 161; *Ostrander v. Weber*, 114 id. 95; *Bartram v. Hostetter*, 67 Cal. 272; *Murray v. Hay*, 1 Barb. Ch. 59; *Brady v. Weeks*, 3 Barb. 157; *Foot v. Bronson*, 4 Lans. 47; *Emery v. Erskine*, 66 Barb. 9; *Gillespie v. Forrest*, 18 Hun, 110.) None of the causes of action pleaded affects all the parties to the action. (*McCrea v. N. Y. E. R. R. Co.*, 13 Daly, 302; *Wetmore v. Porter*, 92 N. Y. 76; *Barlow v. Myers*, 64 id. 46; *Thompson v. Whitmarsh*, 100 id. 35; *Sperb v. McCoun*, 18 N. Y. S. R. 616; Code Civ. Pro. §§ 1814, 3246; *Austin v. Munro*, 47 N. Y. 360; *Danaher v. City of Brooklyn*, 4 Civ. Pro. R. 286; *Neilly v. Neilly*, 23 Hun, 651; *Ferrin v. Myrick*, 41 N. Y. 322; *McMahon v. Allen*, 12 How. 46; 1 Hilt. 103; *Latting v. Latting*, 4 Sandf. 35; *Myer v. Cole*, 12 Johns. 349; *Landau v. Levy*, 1 Abb. 376; *Demott v. Field*, 7 Cow. 58; *Smith v. Goertner*, 40 How. 185; *Lucas v. N. Y. C. R. R. Co.*, 21 Barb. 245; *Hall v. Fisher*, 20 id. 441; *Spier v. Robinson*, 9 How. Pr. 325; *Stanton v. M. P. R. R. Co.*, 15 Civ. Pro. R. 296; *Hufnagel v. Mt. Vernon*, 49 Hun, 286.)

*E. W. Tyler* for respondent. Assuming that the case is to be treated as if several common-law causes of action were set up, or as if the action were one at common law, the demurrer, nevertheless, was properly overruled. (*McCrea v. N. Y. E.*

*R. R. Co.*, 13 Daly, 302; *Price* v. *Brown*, 10 Abb. N. C. 67; *Armstrong* v. *Hall*, 17 How. Pr. 76; 6 Wait's Actions and Def. 78; *Hasbrouck* v. *Bunce*, 62 N. Y. 475.) Frances S. Shepard, as administratrix of her husband's estate, is a necessary party plaintiff to enable her husband's co-tenants to recover their past damage. (*Depuy* v. *Strong*, 37 N. Y. 372; *Austin* v. *Hall*, 13 Johns. 286; *Low* v. *Mumford*, 14 id. 426; *Decker* v. *Livingston*, 15 id. 479; *Hill* v. *Gibbs*, 5 Hill, 56; *Crippen* v. *Morss*, 49 N. Y. 63, 69.) This complaint states but one cause of action. (*Lattin* v. *McCarty*, 41 N. Y. 107, 109; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423; *M. A. B. Church* v. *B. Church*, 73 id. 95; *Pond* v. *M. R. Co.*, 20 N. Y. S. R. 479; *N. Y. N. Bk.* v. *M. E. R. Co.*, 108 N. Y. 660.) The plaintiff, Frances S. Shepard, as an individual, is clearly a proper party plaintiff because of her dower right in the property in question. (*Simar* v. *Canaday*, 53 N. Y. 298.) The complaint is not demurrable on the ground that it does not state a cause of action. (*O'Sullivan* v. *N. Y. E. R. R. Co.*, L. Jour., Sept. 19, 1889; *C. B. Co.* v. *Lewis*, 63 Barb. 115; *Taylor* v. *M. R. R. Co.*, 18 J. & S. 340; *Irvine* v. *Wood*, 51 N. Y. 224–230; *Uline* v. *R. R. Co.*, 101 id. 121, 123; *Pond* v. *R. R. Co.*, 112 id. 186, 188, 190; *Williams* v. *N. Y. C. R. R. Co.*, 16 id. 111; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 428–431, 434, 436, 437.) The decision of the court below was right in view of this being a suit in equity. (*Simar* v. *Canaday*, 53 N. Y. 298, 305; *Derham* v. *Lee*, 87 id. 599, 604; Story's Eq. Pl. §§ 72, 446, 447, 452.)

GRAY, J. I think the appellants must fail in their appeal. The action is one in equity and the complainants named represent all the parties, who have an interest in the equitable relief which is sought, and in the damages which may be awarded as incidental to that relief. The plaintiffs, other than Frances S. Shepard, as tenants in common, are the owners of the fee of the premises alleged, by the bill of complaint, to be affected by the construction and operation of the defendants' railroad, and their joinder was not only proper,

but necessary. In them, collectively, is vested the whole title, and the failure to join them as parties would be a defect available to defendants by demurrer. (Code Civ. Pro. §§ 446, 488; *De Puy* v. *Strong*, 37 N. Y. 372; *Crippen* v. *Morss*, 49 id. 63.) Frances S. Shepard, the other person named as a plaintiff, joins in the capacity of an administratrix of the deceased tenant in common, and, also, in her individual capacity, as his widow and claimant in dower. In the latter, her individual capacity, I do not see any difficulty in recognizing the propriety of her becoming a party plaintiff. The lands, which descended to the children of Francis N. Shepard, her deceased husband, were charged with her dower right; and that is an interest which the law not only recognizes but protects, by giving the right to the claimant to maintain an action to recover it. The right, which was inchoate in her, became, by her husband's death, a vested interest; and until, by assignment or satisfaction, that right is extinguished, she is entitled to stand with the present owners of the realty and to unite with them in asserting the right to restrain the continuance of the defendant's acts, by which the realty is said to be injured and its value impaired. In her capacity as administratrix, she would be entitled to receive the compensation, which would be awarded by the court, if it granted the main relief asked, for the temporary damages sustained by her intestate, as a part owner of the premises up to the time of his death. Subsequent to that time, such damages would be apportionable to his children as his heirs and successors in the title.

Now, I concede that, in her capacity as administratrix, Mrs. Shepard may not be a *necessary* party; but, nevertheless, I am of the opinion that she may properly be joined with the plaintiff in the action. Her right to sue, as such administratrix, does not arise out of the present maintenance and operation of the railroad, it is true, for it is based on her right to recover the temporary damages, which her intestate sustained in his lifetime, in the impaired enjoyment of his property rights. While, therefore, as an individual, she is entitled to

maintain an equitable suit to restrain the defendants from maintaining their railroad, in protection of her dower interest; as administratrix, she could not maintain such an action; but she is entitled to share in any damages which the court may award under its decree granting the equitable relief.

In both capacities, she may be interested in the incidental award of compensation for injuries sustained to the property. But the fact that she, as administratrix, has only a claim upon the damages, which may be awarded as incidental to the decree, is not a sufficient reason for holding that she is improperly joined with the complainants. That is a feature of the action and does not constitute a defect, nor an inconsistency in the causes of action set forth in the complaint. The action is based upon the averment of an intrusion upon and an appropriation of property rights by the defendants, and upon the right to the interposition of a court of equity, to prevent, by injunction, the continuance of the defendant's injurious acts.

As a proposition plainly deducible from the authorities and based on established principles of equity jurisprudence, I think that, in such an action, the presence of all the parties, who are interested in the subject of the suit, and whom the provisions of a decree would or might affect, is proper, if not actually necessary.

In Mitford's Pleadings, the author (afterwards Lord REDESDALE), says (p. 163): "It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit; to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation." And Lord HARDWICKE said, in *Poole* v. *Clark* (2 Atk. 515), that "if you draw the jurisdiction out of a court of law you must have all the persons before this court who will be necessary to make the determination complete and to quiet the question." In *Hawley* v. *Cramer* (4 Cow. 728), WALWORTH, Vice-Chancellor, held that the rule in equity for the joinder of all persons having an interest in the distri-

bution of the fund or the subject-matter of the suit, was well settled, and that, " although there were exceptions to this rule, those exceptions are by way of excuse for not bringing all the parties in interest before the court. * * *" The general rule, as sanctioned by the authorities, is, unquestionably, that all persons materially interested in the subject of the action and in the relief sought, ought to be made parties. The Code of Civil Procedure, by its provisions, manifestly recognizes this principle, which, from so early a day in the history of equity jurisprudence, has been so essential a feature in equity procedure. Section 446 provides for the joinder of " all persons having an interest in the subject of the action and in obtaining the judgment demanded."

The present action was necessarily one on the equity side of the court, as the main relief sought was the injunction against the defendants. The decisions of this court have settled the rights of abutting property owners to an easement in the street, occupied by the defendants' structure, for free egress and ingress and for the free admission of light and circulation of air. That easement is property and constitutes an interest in real estate, and because the defendants' railroad was a use of the street, not originally designed, and was an appropriation to themselves of property rights, it cannot be maintained without compensation being made to the abutting owners for the injury inflicted upon their property and rights; and for the annoyance, caused through the operation of the road, to the abutting owners, in their enjoyment of the use of their property, they are entitled to recover such damages as may be shown to be the result of the defendants' acts. (*Story* v. *Elevated R. R. Co.*, 90 N. Y. 122 ; *Lahr* v. *New York Elevated R. R. Co.*, 104 id. 268.) Although property owners have a remedy at law for the intrusion upon their rights, yet, as the trespass is continuous in its nature, they can invoke the restraining power of a court of equity in their behalf, in order to prevent a multiplicity of suits, and they can recover the damages they have sustained, as incidental to the granting of the equitable relief. (*Williams* v. *N. Y. C. R. R. Co.*, 16

N. Y. 97; *Henderson* v. *N. Y. C. R. R. Co* , 78 id. 423.) The violation of the property rights of abutting owners being adjudged in such an action, the awarding of damages, sustained in the past from the defendants, follows; they being, on equitable principles, deemed incidental to the main relief sought. (Story Eq. Jur. 794, 795, 799.) With the object of doing complete justice to all persons interested, if the incidental relief to be granted, by way of damages for the past injuries, affects other parties than the present owners of the fee, is there any reason why those other parties should not be brought into the action? I see none, where the parties so joined derive their rights of action from the same source, in the injury to the same property rights, and have a common interest in their enforcement. The equitable principle in the administration of justice demands the presence of all persons whom the decree of the court can affect and bind, and these defendants cannot be prejudiced by the application of this principle. If the decree grants the injunction demanded against the maintenance and operation of the road of the defendants, and awards damages for the injuries and losses sustained by the owners of the property in the past, these damages must be awarded by the court, as the several rights of persons to the same shall be ascertained, and they will be apportioned to and among those persons accordingly.

In this case if the intestate, Francis N. Shepard, had been living when the action was commenced, he, with his brother and sister, the plaintiffs Robert F. and Mary N. Shepard, would have completely represented the right of assertion of an injury to the realty. In himself he would have resumed all the rights pertaining to, or growing out of, his undivided ownership of the fee, and upon which the court would administer, in and following the decree. As a consequence of his decease the realty descended to his children, and with it the right to maintain such an action for the protection of property rights, and for compensation for past injuries to those rights. But his decease operated to vest the right to those past dam-

ages partly in his administratrix and partly in his heirs-at-law. They could only recover the damages suffered since the devolution of the title upon them by the intestate's death, while as to those accruing up to the time of his death the administratrix alone was entitled to receive them as part of the estate to be administered upon by her.

But I think that while the administratrix might have a separate right of action at law for the damages sustained by her intestate during his lifetime, that fact does not. render her presence in the action improper, or legally objectionable.

The subject of the action is the construction and operation of the railroad, and the appropriation and the intrusion by the defendants of and upon property rights, and the damages occasioned thereby. The cause of action is the right to assert the injury to these property rights, and to demand relief against its continuance and for the damages theretofore sustained. It seems to me perfectly clear that a cause of action for the maintenance and operation of the railroad, and a cause of action for the temporary damages sustained, both arise out of the same transaction, namely, the intrusion by the defendants upon the property rights of abutting owners. They are clearly not inconsistent in a legal sense, and as to the requirements of section 484 of the Code, I think they are fully met. As the administratrix is interested in the damages which would be awarded upon the granting of the main relief, she may be said to be interested in, or affected by, the decree prayed for, and she would be bound, as to her rights, by the proceedings subsequent to the decree, in the award and distribution of the damages. The other plaintiffs are, of course, interested in the award and distribution of damages as to the intestate's interest, either as co-tenants with him, or as his representatives in various legal capacities.

The object of the Code is, as it is the aim of equity, to avoid a multiplicity of actions and useless expense, and to effect a complete determination of all matters which may come into controversy and litigation between the same parties by one action. If this intestate had been living he could only

have maintained one action, and neither the authorities nor principle suggest a reason why, upon his death, those upon whom his property interests have thereby devolved, and who, in their combined personalities, represent him, and who have a common interest in holding the defendants liable for their acts, should be obliged to bring separate suits.

I think that the court below was right in overruling the demurrer of the defendants, and that the order and judgment of affirmance at the General Term should be affirmed here, with costs; with leave to the defendants to answer within twenty days, upon payment of the costs in all the courts since the demurrer.

All concur, except EARL, J., not voting.

Judgment accordingly.