MARGARET D. GRISWOLD, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

A devisee does not acquire by the devise the right to recover for injuries to the rental value of the real estate which happened prior to the vesting of title under the devise. The right of action is a personal asset accruing to the owner upon the happening of the injury.

Where, in an action by a devisee to recover for such injuries alleged to have been caused by the construction and operation of defendants' road in an adjoining street, it appeared that the plaintiff was also residuary legatee under the will, and that after the commencement of the action the executor filed his account, and upon a final judicial settlement thereof a decree was made directing him to pay over the

residue of the personal estate to plaintiff. *Held,* that this was not available to sustain the action, as it was to be determined according to the rights of the parties existing at its commencement, and until the final settlement the executor, not the plaintiff, was entitled to recover the damages.

(Argued June 13, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 5, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought on the 17th of May, 1884, to recover the damages sustained by the premises No. 104 West Third street, then owned by the plaintiff, for a period of six years preceding such date, resulting from the impairment of the appurtenant easements of light, air and access in said street by the construction, maintenance and operation of the defendants' elevated railroad.

The jury assessed the damages at the rate of $450 per annum, and rendered a verdict in favor of the plaintiff, for the injury resulting to the premises, for each of the six years prior to the date of the commencement of the action, with interest thereon from such date to the close of the trial.

The appellants assign for error the ruling of the court that the plaintiff might recover for the period of three years and seven months preceding December, 1881, when she, by devise, obtained title to the premises.

It appears that the premises in question were conveyed November 3, 1851, by William Paulding to Caroline A. Dustan, Margaret Dustan and Sarah R. Dustan, as tenants in common, in fee simple. In 1869, Sarah R. Dustan died, leaving a last will and testament, which was subsequently duly admitted to probate, in and by which she devised her interest in said premises to her sisters Caroline A. and Margaret Dustan. October 6, 1880, Margaret Dustan died intestate, leaving as her sole heir and next of kin Caroline A. Dustan, whose heirship to Margaret's interest in said premises was subse-

quently established by appropriate proceedings in Surrogate's Court. On the 8th of December, 1880, letters of administration on the estate of Margaret Dustan were duly issued to Caroline A. Dustan.

December 17, 1881, Caroline A. Dustan died, leaving a last will and testament, the residuary clause thereof being as follows: " Third. All the rest and residue of my estate, real and personal, or mixed, wherever situate, to me belonging, or to which I may be entitled at the time of my decease, and any of the foregoing legacies or part or parts thereof, that may have failed by lapse, ademption or otherwise, I give, devise and bequeath to Miss Margaret Dustan Griswold, residing in the city of New York, to have and to hold the same to her, her heirs and legal representatives forever."

By this clause the premises in question were devised to the plaintiff. By the will Walter Carter was constituted the executor thereof. It was duly probated, and Carter thereupon qualified as executor. On December 16, 1882, letters of administration *de bonis non*, upon the estate of Margaret Dustan were issued to Sarah Matilda Dustan, a cousin of Margaret, and to Walter Carter. Subsequently they filed their account as such administrators, and Walter Carter as executor of the last will and testament of Caroline A. Dustan, also filed the account of Caroline, as administratrix of Margaret's estate, December 29, 1882, and their accounts were on that day judicially settled, and the balance of the personal estate found in their hands was directed to be paid to Walter Carter as executor of Caroline. Thereafter, and on the 25th day of July, 1884, over two months after the commencement of this action, Carter filed his account as the executor of the last will and testament of Caroline Dustan, showing a balance of personal estate after the payment of the specific legacies in Caroline's will. His account was judicially settled on that day, and a decree made and entered in and by which he, as such executor, was directed to pay such balance to the plaintiff, as the residuary legatee under the will.

Further facts are stated in the opinion.

*Brainard Tolles* for appellant.    The trial court erred in instructing the jury that plaintiff was entitled to recover damages to the rental value of the property in suit which accrued during the life-time of the Dustan sisters, the plaintiff not being their legal representative.  (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98 ; *Pond* v. *M. E. R. Co.*, 112 id. 186 ; *Shepard* v. *M. R. Co.*, 117 id. 442 ; *Emerson* v. *Emerson*, 1 Ventr. 187 ; Toller on Executors, 60, 436 ; 2 Williams on Exrs. [6th Am. ed.] 867 ; *Middleton* v. *Robinson*, 1 Bay, 58 ; *Gordon* v. *Robinson*, 1 Brown, 325 ; *Baker* v. *Dansbee*, 7 Heisk. 229 ; *Carter* v. *Plummer*, 72 Wis. 476 ; *Zabriskie* v. *Smith*, 13 N. Y. 322, 334 ; *Rockwell* v. *Sanders*, 19 Barb. 473, 481 ; 2 R. S. 114, § 4 ; Id. 447, § 1 ; *Newell* v. *Wheeler*, 48 N. Y. 486 ; *Mushlitt* v. *Silverman*, 50 id. 360 ; *Boyle* v. *City of Brooklyn*, 71 id. 1 ; *White* v. *Wheeler*, 25 id. 252 ; *Wadsworth* v. *Allcott*, 6 id. 64 ; *Fay* v. *Holloran*, 35 Barb. 295 ; *Kohler* v. *Knapp*, 1 Bradf. 241 ; *Sohier* v. *Eldridge*, 103 Mass. 350, 351 ; *Stinson* v. *Stinson*, 38 Me. 593 ; *Heslage* v. *Krugle*, 25 Penn. St. 97 ; *Burden* v. *Thayer*, 3 Metc. 76 ; *Glover* v. *M. R. Co.*, 19 J. & S. 1, 17.)

*James M. Smith* for respondent.    The facts shown in the formal proof, viz. : the heirship decree and the will of Caroline A. Dustan, duly admitted to probate, established the averment that Margaret D. Griswold was the proper party to maintain this action.  (*King* v. *Strong*, 9 Paige, 94–98 ; *Wetmore* v. *Peck*, 66 How. Pr. 60 ; *Craig* v. *Craig*, 3 Barb. Ch. 101 ; *Betts* v. *Betts*, 4 Abb. [N. C.] 418 ; *Banks* v. *Phelan* 4 Barb. 90.)

PARKER, J.   The sole question requiring consideration is whether the trial court erred in holding that the plaintiff could recover in this action for the injury to the rental value of the premises, occasioned by the acts of the defendants prior to December, 1881, when she acquired title thereto.   It is presented by exceptions taken to the refusal of the court, to instruct the jury that "Plaintiff cannot recover for loss of

rent accruing before she owned the premises, or while they were owned by Margaret or Caroline A. Dustan," and to the charge as made that "By virtue of Caroline A. Dustan's will, the premises 104 West Third street, passed to the plaintiff, also all rights of actions or claims for damages. One of these rights was the right to maintain the present action."

The plaintiff did not acquire by the devise of the land to her, the right to recover for the injury to the rental value while Margaret and Caroline were the owners of the fee. A right of action therefor accrued to the owners of the premises, upon the happening of the injury, and could not, thereafter, pass with the land. ( *White* v. *Wheeler*, 25 N. Y. 252 )

It was a personal asset, and Margaret's interest therein upon her death, together with the residue of her personalty, became vested in the administratrix of her estate, for the purposes of administration, while the executor of Caroline's will succeeded to her right to recover for the injuries done to her property during her life-time. (2 R. S. 447, § 1 ; *Shepard* v. *Manhattan R. Co.*, 117 N. Y. 442.)

The fact that by the residuary clause, the testatrix bequeathed all of her personalty to the plaintiff, after the payment of debts and legacies, does not aid her in this suit. For this action must be determined according to the rights of the parties as they existed at the date of its commencement. Up to that time the executor of Caroline had not filed his account, or been relieved from the trust reposed in him.

Not until July twenty-fourth, following, was there a final judicial settlement of his accounts as such executor, and a decree made directing him to pay over the residuum of the personal estate to this plaintiff.

Until the happening of that event, the executor was entitled to receive the damages sustained during the life-time of the testatrix, and to enforce their payment, by action if necessary, as part of the estate to be administered by him. The plaintiff as residuary legatee had such an interest in the estate as entitled her to insist that the executor should take all

necessary proceedings to protect the estate and enforce the collection of all outstanding claims, and in the event of a failure of duty, to demand that his accounts should be surcharged to the extent of the loss occasioned because of such misconduct. But she was without authority to maintain a suit for the recovery of damages, while a right of action therefor was vested in the executor.

It follows, that so much of the recovery as embraced the damages sustained for the period of three years and seven months prior to the time when the plaintiff acquired the title was error.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless within thirty days the plaintiff stipulates to modify the judgment by deducting therefrom the sum of $1,951.13, in which event the judgment, as modified, is affirmed with costs of this court to the appellant.

All concur.

Judgment accordingly.