62 231
138a 627
62 231
91 191
62 231
20ap 29

ISABELLA H. MITCHELL, APPELLANT, *v.* THE VILLAGE OF WHITE PLAINS, RESPONDENT.

*Eminent domain — proceedings against the wrong person — what is an inadequate method of compensation.*

In an action brought by one Isabella H. Mitchell to recover damages for an alleged trespass upon her lands, the defendant, a town, set up as a defense that it had, under chapter 552 of the Laws of 1868, taken the premises in question under the power of eminent domain for a highway.

On the trial of the action it appeared that, in the condemnation proceedings, the name of the plaintiff did not appear; that the same were carried on against her husband as owner, and that an award was made to him.

*Held*, that the fact that the owner was erroneously named in such proceedings, or that the true owner had not received the award, would not invalidate the proceedings, provided that the statute authorizing them had given to her an adequate remedy to enforce payment of the value of the land if she had proceeded in time.

The act of 1868 gave to the commissioners appointed under it the same powers which were vested in commissioners created by chapter 408 of the Laws of 1865, except that the damages awarded for taking the land for the highway were to be paid by assessing their amount "upon the strips of land lying within five hundred yards of either side of said avenue."

*Held*, that the act of 1868, so far as it related to the method by which compensation was to be provided, was unconstitutional.

That the limitation of the remedy for compensation to "strips of land lying within five hundred yards of either side of said avenue" was not the adequate provision which a man is entitled to where his land is taken by the right of eminent domain.

APPEAL by the plaintiff, Isabella H. Mitchell, from a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 14th day of July, 1891, dismissing the complaint, with costs, after a trial by the court at the Westchester Circuit.

The action was brought to recover the damages resulting from alleged trespasses upon the plaintiff's land, which the defendant claimed to have acquired title to under the exercise of the right of eminent domain.

It appeared upon the trial that the proper name of the plaintiff's husband was Charles Halsey Mitchell, and that his name appeared upon the map used in the proceedings for condemnation of the plaintiff's land, and wherever else it appeared in such proceedings, as Halsey Mitchell. An award was made to him both for benefits and damages under the name of Halsey Mitchell. Charles Halsey Mitchell was not the owner of the premises in question; which were owned and were in the occupation of the plaintiff, who became the owner in 1865, and was such at all times thereafter

*William P. Fiero*, for the appellant.

*H. T. Dykman*, for the respondent.

CULLEN, J.:

That the award was made to the husband of the plaintiff instead of to the plaintiff would not invalidate the proceedings to open the highway in dispute in this case. The plaintiff would be entitled to the award despite the fact that the owner was erroneously named in the report of the commissioners of estimate and appraisal; nor would the fact that she has not received the award be fatal, provided that, under the statute authorizing this improvement, there was an adequate remedy given her, to enforce the payment of the award, had she proceeded in time. This highway was authorized to be laid out by chapter 552, Laws of 1868. The commissioners named

in the act are given the same powers as those vested in a prior act for the laying out of another highway in Westchester county (chap. 408, Laws of 1865), "except that the damages awarded for taking the lands necessary for laying out, making, grading and regulating said Mamaroneck avenue, shall be paid by assessing the amount thereof upon the strips of land lying within five hundred yards of either side of said avenue." The highway extends through several towns. By the act the money necessary to grade and improve the avenue was to proceed from the issue of bonds by such towns. The act of 1865 directed the commission constituted by that act to pay the awards, and such commission, doubtless, could have used any funds for that purpose. But, by the exception quoted, the commissioners under this act are deprived of such power, and limited to paying awards from one single source, that is, the local assessment. The act, therefore, seems to fall expressly within the principle laid down in *Sage* v. *City of Brooklyn* (89 N. Y., 189.) "A remedy for compensation, contingent upon the realization of a fund from taxation for benefits within a limited assessment district, does not meet the constitutional requirement." It follows that the act of 1868, so far as its provision for compensation for lands taken for the improvement, is unconstitutional and void.

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

PRATT, J., concurred.

· Judgment reversed and new trial granted, costs to abide event.