ANNA MINOTT MITCHELL, as Administratrix, etc., of ISABELLA H.
MITCHELL, Deceased, Respondent, *v.* THE VILLAGE OF WHITE
PLAINS, Appellant.

*Trespass — the trespasser cannot be compelled to buy the land at a price fixed by the
court — equitable rule where there are continuing trespasses — damages recoverable
by an administratrix.*

Where the complaint in an action alleges that the plaintiff is the owner and in
possession of certain premises, and that the defendant, a village, entered upon
a portion of her land, broke down a fence, dug a sewer upon the land and

appropriated the land for sewer and highway purposes, but does not ask for an injunction, the action is not equitable in its nature, but is a common-law action for a trespass.

Where the plaintiff recovers for the value of the fence and separately for the depreciation in value of the property taken, and the referee, appointed in the case, finds that the plaintiff has offered, upon the payment of the latter sum, to convey the land to the defendant, there is no power in the referee, nor in the court, to direct a judgment for such sum, coupled with a provision that upon the payment of the sum the plaintiff shall convey the land to the defendants.

A trespasser cannot be compelled to purchase the land upon which the trespass was committed at a price to be fixed by the court.

An action at law cannot be maintained by an owner to recover prospective damages for injuries to real estate, but where an owner proceeds in equity to restrain the continuance of a trespass, the court may determine the damages which the owner will sustain if the trespass continues permanently, and may provide that, upon the payment of those damages, the plaintiff shall convey the rights or easements in question to the defendant.

The privilege, of securing the right to continue the acts complained of, is granted as a favor to the offending party, and not as a matter of right to the injured owner.

*It seems,* that such a privilege has never been granted except in cases where the defendant had the right to exercise the power of eminent domain.

Where the action is brought by the owner of land against a village for breaking down a fence and appropriating land for a sewer, and he dies after a referee appointed in the case has made a report in his favor, and an administratrix is duly substituted as plaintiff, a recovery by the administratrix must be limited to the damages sustained before the commencement of the action, viz., the value of the fence.

APPEAL by the defendant, The Village of White Plains, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of February, 1895, upon the report of a referee.

*H. T. Dykman,* for the appellant.

*William P. Fiero,* for the respondent.

BROWN, P. J.:

This action was commenced by Isabella H. Mitchell. In her complaint, she alleged that she was the owner and in possession of about ten acres of land in the town of White Plains, Westchester county, and that on September 9, 1890, the defendant unlawfully entered upon a strip of said land adjoining Mamaroneck avenue, which is described as being fifty feet in width and four hundred and

fifty feet long, broke down the fence and dug a sewer thereon and appropriated the same for highway and sewer purposes. Judgment was demanded for $5,000 damages. The answer put in issue the title to the land, but that question, upon a former appeal (62 Hun, 231; 138 N. Y. 627), has been determined adversely to the defendant's contention.

The referee found that the acts of trespass were committed as alleged in the complaint; that the value of the fence which was destroyed was $138.33. In reference to the other item of damage, he found "that the depreciation in worth and value of the said property of the plaintiff, fifty feet in width and four hundred and fifty-three feet in length so as aforesaid taken, broken into, used and appropriated by the defendant, * * * was the sum of three thousand five hundred dollars." He further found that the plaintiff had offered to convey said strip of land to the defendant upon payment of the amount found due by the referee, with costs, and directed judgment to be entered against the defendant for the aforesaid sum and interest, and that upon payment of said judgment by the defendant, the plaintiff should execute and deliver to the defendant a deed conveying to it the aforesaid strip of land in fee simple absolute.

The referee's report was dated January 23, 1895. On February 9, 1895, Isabella H. Mitchell died intestate. Judgment appears to have been entered on February 18, 1895. On February 25, 1895, the plaintiff was appointed administratrix of said Isabella H. Mitchell, and was, by an order of the court, dated March 14, 1895, substituted as plaintiff in this action.

It is the claim of the respondent that this action is in equity, and the appeal has been argued by her counsel upon that assumption. If such is the character of the action, it is plain that the proper parties are not before the court, and we should be compelled to defer consideration of the case until they are brought in.

The plaintiff, as administratrix of Isabella H. Mitchell, has no title to the land, and she could not comply with the provision of the judgment which required a deed of the land to be executed and delivered to the defendant on payment of the judgment.

The title to the land is vested in the heirs of Isabella H. Mitchell. It does not appear from the record who such heirs are. but they

alone can execute a conveyance of the land and are entitled to be paid its value. The plaintiff, as administratrix, took title only to such damages as had been sustained prior to the commencement of the action. (*Shepard* v. *Manhattan E. Ry. Co.*, 117 N. Y. 442 ; *Griswold* v. *Metropolitan E. Ry. Co.*, 122 id. 102.)

While, therefore, it was proper, upon the death of Isabella H. Mitchell, that her administratrix should have been made a party plaintiff, her interest in the recovery was limited to the damages sustained before the commencement of the action, which the referee has found to be $138.33.

As to that part of the recovery which was based upon the depreciation in value of the land appropriated for the sewer, the heirs of Isabella H. Mitchell are the sole persons interested, and they have not been made parties to the action.

We are of the opinion, however, that the complaint sets out a common-law action for trespass only. There is no prayer for a permanent injunction, and none is granted by the judgment.

The theory upon which the action was tried appears to have been that the owner could recover the value of the strip of land taken, and that upon payment of its value the land could be conveyed to the defendant; in other words, that the defendant could be compelled to purchase the land at a price to be fixed by the court. But an action of that character is unknown and unprecedented, and cannot be maintained at law or in equity. (*Galway* v. *Metropolitan E. Ry. Co.*, 128 N. Y. 143–146 ; *Pappenheim* v. *Metropolitan E. Ry. Co.*, Id. 436.)

It is settled in this State that no action at law can be maintained by an owner to recover prospective damages for injuries to real property. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98 ; *Pond* v. *M. E. R. R. Co.*, 112 id. 187 ; *Tallman* v. *Metropolitan E. Ry. Co.*, 121 id. 119.)

An action in equity may be maintained by a landowner, not for the purpose of recovering the value of land appropriated by a trespasser, but to restrain the continuance of a trespass and to prevent a multiplicity of actions at law to recover damages. In such an action the court may determine the amount of damages which the owner would sustain if the trespass were permanently continued, and may provide that, upon payment of that sum, the plaintiff shall

convey the right to continue the acts complained of to the defendant. But a court of equity cannot adjudge that the defendant shall pay and the plaintiff shall convey. The privilege of securing the right to continue the acts complained of is granted as a favor to the offending party and not as a matter of right to the injured owner. And in all cases wherein judgments of this character have been granted it will be found, I think, that the offending party had the right to exercise the power of eminent domain and acquire the property upon which the trespass was committed or the right to do the acts complained of. The rules applicable to equitable actions of this character and the power of the court therein are fully discussed and stated in *Galway* v. *Metropolitan E. Ry. Co.* and *Pappenheim* v. *Metropolitan E. Ry. Co.* (*supra*).

An owner of land trespassed upon may sue at law to recover damages for the trespass, or he may resort to equity and have an injunction restraining its continuance. The trespasser is under a legal obligation to discontinue his acts, and the law presumes he will do so. But where it is conclusively determined that the acts complained of are to be continued and the case is one where the defendant may acquire the right to continue them, a court of equity as an act of grace or favor will withhold its injunction upon condition that the defendant pay the value of the right. In that way condemnation proceedings are avoided and the owner recovers the permanent damages to his property.

In this case it was decided upon the former appeal that the statute under which Mamaroneck avenue was laid out (Chap. 552 of the Laws of 1868) was unconstitutional, and we are not referred to any law which grants to the defendant the right to acquire title to the strip of land in dispute.

The right to recover was, therefore, limited to damages sustained prior to the commencement of the action. The only damage of that character proven was the value of the fence destroyed, which was found by the referee to be $138.33.

The judgment must, therefore, be reversed and a new trial granted, unless the respondent stipulates within twenty days to reduce the recovery to $138.33, with interest from September 9,

1890, and, if such stipulation is filed, the judgment as so modified is affirmed, without costs of appeal.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event, unless the respondent stipulates within twenty days to reduce the recovery to $138.33, with interest from September 9, 1890, and, if such stipulation is filed, the judgment as so modified is affirmed, without costs of appeal.