GUCKER v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division. Second Department. February 7, 1899.)

EMINENT DOMAIN—DAMAGES—RENTAL VALUE—RIGHT TO RECOVER.

Damages from the construction and operation of a railroad to premises acquired by devise cannot be awarded for a depreciation in rental value prior to devisor's death, in an action by the devisee personally, though he is executor and residuary legatee, since title to such damages does not vest in him personally until his discharge as executor.

Appeal from special term, New York county.

Action by Henry Gucker against the Manhattan Railway Company and another. From a judgment of special term for plaintiff, defendants appeal. Transferred from First to Second department. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Arthur O. Townsend (Julien T. Davies, on the brief), for appellants.

Edwin M. Felt, for respondent.

PER CURIAM. This is the usual abutter's action for damages occasioned by the construction and operation of an elevated railroad. While we might have differed from the learned trial judge in his conclusion as to the amount of the damages inflicted on the plaintiff's property, we cannot say that his findings were so clearly against the weight of the evidence as to justify this court, under the well-settled rules, in interfering with the judgment. But there has been committed a plain error of law. The plaintiff's title accrued by devise from his mother, who died on the 28th day of March, 1889. He has been awarded damages for depreciation of the rental value of the premises from the 28th day of October, 1885, to the date of the trial of the action. The award is for a gross sum, and there is no finding of an annual depreciation or of the depreciations occurring during the several years. The plaintiff, by the devise, acquired no title to the damages to the rental value of the property during the life of his mother. This, on her death, went to her executor. The fact that the plaintiff is the executor of his mother and her residuary legatee does not vest title to the damages in the plaintiff personally until after he has accounted for his administration and been discharged from his trust. Griswold v. Railway Co., 122 N. Y. 102, 25 N. E. 331. As a gross sum only is awarded for damages to the rental value, we cannot apportion those damages pro rata, according to the time that the plaintiff has been the owner of the premises. We must, therefore, reverse the judgment, and grant a new trial, unless the plaintiff elects to relinquish all recovery in this action for injuries to the rental value. We hardly anticipate that the plaintiff will be willing to adopt this course. However, if he should do so, we will modify our judgment accordingly.

Judgment reversed, and a new trial granted, costs to abide the final award of costs.