HENRY GUCKER, Respondent, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Eminent domain — damages to an abutting owner from an elevated railroad — when a devisee and residuary legatee of such owner is not entitled to damages accruing before the latter's death.*

A devisee of property abutting upon an elevated railroad is not entitled, in his capacity as such, to recover rental damages accruing during the lifetime of his testatrix, as, upon the latter's death, the right of action for such damages passed to her executor.

The fact that the devisee is the executor of his testatrix and the residuary legatee under her will, does not alter the situation, as the right to recover such damages will not vest in the devisee personally until after he has accounted for his administration and been discharged from his trust.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of November, 1897, upon the decision of the court rendered after a trial at the New York Special Term.

This appeal was transferred from the first department to the second department.

*Arthur O. Townsend* [*Julien T. Davies* with him on the brief], for the appellants.

*Edwin M. Felt,* for the respondent.

PER CURIAM:

This is the usual abutter's action for damages occasioned by the construction and operation of an elevated railroad. While we might have differed from the learned trial judge in his conclusion as to the amount of the damages inflicted on the plaintiff's property, we cannot say that his findings were so clearly against the weight of the evidence as to justify this court, under the well-settled rules, in interfering with the judgment. But there has been committed a plain error of law. The plaintiff's title accrued by devise from his mother, who died on the 28th day of March, 1889. He has been awarded damages for depreciation of the rental value of the premises from the 28th day of October, 1885, to the date of the trial of the action. The award is for a gross sum, and there is no finding of an annual depreciation or of the depreciations occurring during the several years. The plaintiff, by the devise, acquired no title to the damages to the rental value of the property during the life of his mother. This, on her death, went to her executor. The fact that the plaintiff is the executor of his mother and her residuary legatee does not vest title to the damages in the plaintiff personally until after he has accounted for his administration and been discharged from his trust. (*Griswold* v. *The Metropolitan Elevated Ry. Co.*, 122 N. Y. 102.) As a gross sum only is awarded for damages to the rental value, we cannot apportion those damages *pro rata* according to the time that the plaintiff has been the owner of the premises. We must, therefore, reverse the judgment and grant a new trial, unless the plaintiff elects to relinquish all recovery in this action for injuries to the rental value. We hardly anticipate that the plaintiff will be willing to adopt this course. However, if he should do so, we will modify our judgment accordingly.

All concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.