(41 Misc. Rep. 51.)

### CASE v. HUDSON CO. et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. CORPORATIONS—BILL BY STOCKHOLDER—SUFFICIENCY.

    A stockholder and director of a corporation filed a bill stating that its officers and directors refused to sue; that the company, for value, agreed to and did finance another corporation defendant, and earned large sums under the agreement, and that these sums such defendant had refused to pay; and demanded a receiver for the corporation of

which he was· a stockholder, and an accounting from the other company.  *Held* to state a cause of action.

2. SAME—MISJOINDER OF CAUSES.

A complaint, in a suit by a stockholder for the appointment of a receiver of the corporation, and for an accounting between such corporation and another which the corporation had agreed to finance, under which agreement it was alleged large sums of money had been earned, is not demurrable for misjoinder of causes of action.

.Suit by Franklin B. Case, Jr., against the Hudson Company and others.  Demurrers to complaint overruled.

Hitchings & Palliser, for plaintiff.

Smith, Conway & Weed, for defendants Johnson and New York Mut. Savings & Loan Ass'n.

TRUAX, J.  The defendants Johnson and the New York Mutual Savings & Loan Association demur to the complaint upon two grounds:  First, that sufficient facts are not alleged to constitute a cause of action; and, second, that causes of action have been improperly united.  The two demurrers to the complaint, upon the ground that the complaint fails to state facts sufficient to constitute a cause of action, cannot be sustained.  The demurrer admits the truth of every allegation contained in the complaint, and of every reasonable and fair inference deducible from such allegations.  Zabriskie v. Smith, 13 N. Y. 330, 64 Am. Dec. 551; Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263.  The action is brought in equity, first, for a receiver of the Hudson Company; second, for an accounting and for the payment over to such receiver of the moneys due and owing from the New York Mutual Savings & Loan Association to the Hudson Company.  The complaint alleges the incorporation of both companies; the entering into a written contract between the two companies, whereby the Hudson Company was to finance the other company, and the other company was to pay for such financing; the full and complete rendition of services by the Hudson Company; the receipt by the other company of such services; the earning of large sums of money by the Hudson Company under this contract; and the refusal of the Mutual Company to pay the same.  Such allegations furnish an undoubted right on the part of the Hudson Company to maintain an action either for breach of· contract or for specific performance.  The question of legality or illegality of the contract cannot arise in this action.  The action, however, is brought by a stockholder and director of the Hudson Company, and hence additional affirmative allegations are requisite.  These allegations are, under all the authorities, that the officers and directors exclusively in control of the Hudson Company wrongfully and improperly neglect and fail to bring in the name of the Hudson Company an action against the New York Mutual Savings & Loan Association, or that due and proper demand has been made for the bringing of such an action, and the same has been refused.  Sage v. Culver, 147 N. Y. 246, 41 N. E. 513, and cases cited.  In so far as the action is brought by a director of the Hudson Company, it is doubtful if even these allegations are requisite.  Miller v. Barlow, 78 App. Div. 331, 336, 69 N. Y. Supp. 964.  There is but

one cause of action set out in this complaint, and that is an equitable action for an accounting. In Miller v. Barlow, 78 App. Div. 331, 79 N. Y. Supp. 964, plaintiff, a director in the Hondur-American Cable Company, a foreign corporation, brought an action to compel the officers of that company to account for moneys which they had received for the company and wrongfully used for their private purposes, and for a receiver and other relief. Demurrer was interposed by the other directors, there as here, on the ground of defect of parties plaintiff and defendant, and that causes of action were improperly united, and the demurrer was overruled. See, also, Shepard v. Manhattan R. Co., 117 N. Y. 442, 23 N. E. 30. Demurrers overruled, with costs, with leave to the defendants to withdraw demurrers and answer on payment of costs.

Demurrers overruled, with costs, with leave to defendants to withdraw and answer on payment of costs.