### DEIGEL v. MAGEE.

(Supreme Court, Special Term, Schenectady County. December 18, 1911.)

PLEADING (§ 52*)—CAUSES OF ACTION—SEPARATELY STATING AND NUMBERING.
    One suing in his individual capacity and as administrator to set aside a sale under foreclosure of the mortgage executed by intestate on the ground that it was fraudulently obtained, as authorized by Code Civ. Proc. § 484, subd. 9, is in court in both capacities on the theory that in each he has a cause of action, and the facts constituting each must be separately stated and numbered, as required by section 483.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mary Deigel, individually and as administratrix, against A. Veeder Magee. Motion to compel plaintiff to serve an amended complaint separately stating and numbering causes of action granted.

Henry V. Borst, for the motion.

H. C. Grupe, opposed.

J. A. KELLOGG, J. This action is brought by the plaintiff individually and as administratrix of her mother, who died intestate, to set aside the sale under foreclosure of a mortgage executed by the intestate ancestor in her lifetime, on the ground that said bond and mortgage was fraudulently obtained by the defendant. In certain actions involving injuries to real estate of a deceased owner, actions have been permitted to be brought by a plaintiff succeeding to the title individually, and also as personal representative of the deceased. Shepard v. Manhattan Railway Co., 117 N. Y. 442, 23 N. E. 30. This practice has been permitted by the courts upon the theory that the cause of action alleged to exist in favor of the plaintiff in her individual capacity arose out of the same transaction, or was connected with the same subject of action as her cause of action alleged to exist in her favor in a representative capacity, and was therefore authorized by subdivision 9 of section 484 of the Code of Civil Procedure.

It would seem to be quite clear that the plaintiff cannot recover both in an individual and representative capacity for the same cause of action. She is only properly in court in both capacities upon the theory that in each capacity she has a cause of action. Such causes of action as claimed by her being, therefore, distinct, the facts constituting each of them should be separately stated and numbered as required by section 483 of the Code of Civil Procedure.

The motion is granted, with $10 costs.