ELIZA H. GOULD, Individually and as Executrix, etc., Plaintiff, *v*. THE VILLAGE OF FREDONIA, Defendant.

(Supreme Court, Chautauqua Equity Term, July, 1918.)

Actions — equitable — who are proper parties — joinder — pleading — nuisance — executors and administrators.

There is no rule of law which forbids the joinder in an equitable action of the executrix of one who has been damaged by the acts of the defendant and the same person in her individual capacity when she has been injured by a continuance of the acts complained of, where the purpose of such joinder is to prevent a multiplicity of suits and the complete determination of the matters in controversy.

A complaint by plaintiff individually and as executrix of her deceased husband, of whose estate she was the sole beneficiary, alleging that the defendant village in the lifetime of plaintiff's husband had constructed and has since maintained a sewer upon premises above those of plaintiff on a stream of pure and wholesome water into which defendant discharged the sewage in close proximity to plaintiff's residence during the ownership of both her husband and of herself, giving rise to noxious odors, gasses, etc., constituting a nuisance; that plaintiff, and her husband during his lifetime, suffered, and plaintiff still suffers, great inconvenience and damage by reason of said nuisance and that the premises have thus been rendered of little or no value, etc., is not subject to a demurrer on the ground that causes of action have been improperly united in that no alleged cause of action stated as residing in plaintiff in her individual capacity can be joined with any alleged cause of action in her representative capacity.

A right of action to recover for the injury to the rental value while plaintiff's husband was the owner of the fee accrued to him upon the happening of the injury; such right of action was a personal asset which passed to her as executrix and did not vest in her individually until the settlement of the estate.

A right to recover for the injury done to the property during the lifetime of the husband passed to plaintiff as his executrix who takes individually only what remains after the settlement of

the debts of decedent and the judicial settlement of her accounts as executrix, until which time she is entitled to receive the damages sustained during the lifetime of her testator and to enforce payment thereof by action, if necessary, as a part of his estate.

As owner of the fee of the premises plaintiff is clearly a necessary and proper party to the present action for injunctive relief and for such damages as she may have suffered since the premises passed to her ownership.

DEMURRER to complaint.

Wm. S. Stearns, for plaintiff.

Westwood & Monroe, for defendant.

WOODWARD, J. The complaint in this action alleges the corporate capacity of the defendant; that Marvin Gould died a resident of the village of Fredonia, on or about the 18th day of March, 1915, leaving a last will and testament, and that the plaintiff was nominated as executrix by the provisions of said will; that the said will was duly admitted to probate on the 28th day of April, 1915, and letters testamentary issued to this plaintiff, who qualified and is now acting as such executrix. It is then alleged that for a period of twenty years prior to his death the said Marvin Gould was the owner in possession and occupation, with his family, of the premises described therein; that upon the death of the said Marvin Gould the plaintiff herein, under the provisions of said last will and testament, became the owner in possession and occupation of said premises; that said premises, during the occupation of the parties mentioned, were used as a dwelling place and for agricultural purposes; that a stream of pure and wholesome water, in its natural state, passed through and adjacent to the premises at all the times mentioned in the complaint;

that this water was used by the owners of the premises for domestic purposes; that in the year 1885 the defendant constructed a sewer in and upon the premises of one Frederick Kruse, above the premises of the plaintiff on the said stream of water, and that the defendant has at all times maintained said sewer, and has discharged the sewage of said sewer into said stream, in close proximity to the plaintiff's residence, and that this has been the case during the ownership of both Marvin Gould and this plaintiff, and that the discharge of said sewage into said stream gave rise to noxious odors, gasses, etc., constituting a nuisance; that this plaintiff, and the said Marvin Gould, during his lifetime, suffered and still suffers great inconvenience, discomfort and damage by reason of the said nuisance, and that the premises described have thus been rendered of little or no value; that the premises, except for such nuisance, would be very valuable to the plaintiff; that all of the acts and things alleged have been permitted to be and continue by the defendant from the year 1885; that prior to the commencement of this action " a duly verified statement of this plaintiff's grievances hereinbefore stated, was presented to the board of trustees of the village of Fredonia, and demand and request made upon said officials by said Marvin Gould that the village abate said nuisance, and no longer continue or permit to be continued the same, but notwithstanding said request and demand the said defendant does continue the same and has refused and neglected to pay this said plaintiff any damage; that the maintenance, execution and continuance of said grievance hereinbefore set forth now is and at all times herein mentioned has been without the consent or authority of this plaintiff or the said Marvin Gould, and against their protest." The complaint then alleges that by the last will and

testament of Marvin Gould, deceased, this plaintiff was given his entire estate, both real and personal, and that she was the sole beneficiary under such last will and testament, and that upon his death this plaintiff did become the sole and only owner, holder and possessor of all the personal and real property of which the said Marvin Gould died seized and possessed; that '' by reason of the premises said plaintiff has sustained damages in the sum of $6,000, as she is informed and believes.''

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action; upon the ground that there is a misjoinder of parties plaintiff for the reason that on ·the face of the complaint it appears that there survives against the defendant no cause of action which might have resided in Marvin Gould, deceased; upon the ground that there is a misjoinder of parties plaintiff for the reason that on the face of the complaint it appears that no cause of action is alleged against the defendant which resides in the plaintiff in her representative capacity as executrix of the last will and testament of Marvin Gould, deceased; upon the ground that there is a misjoinder of parties plaintiff for the reason that the plaintiff in her individual capacity may not join a cause of action against the defendant with one she may have or claim to have in her representative capacity as executrix of the last will and testament of Marvin Gould, deceased; and that causes of action have been improperly united in the complaint for the reason that an alleged cause of action for damages to real property which Marvin Gould owned in his lifetime, which were sustained during his life, cannot be joined with a cause of action to enjoin the defendant from continuing the trespass

18

Supreme Court, July, 1918.          [Vol. 104.

upon the real property now owned by the plaintiff in her individual capacity, and, finally, that causes of action have been improperly united in the complaint for the reason that no alleged cause of action stated in the complaint as residing in the plaintiff in her representative capacity can be joined with any alleged cause of action residing in the plaintiff in her individual capacity.

The plaintiff, for the purpose of testing the sufficiency of the demurrer, moves for judgment upon the pleadings, and we are of the opinion that the demurrer should be overruled.

There can be no question that there is a distinction in law between the plaintiff as an individual and as the representative of the estate of Marvin Gould, deceased. But we know of no rule of law which forbids the joinder in an equitable action of the executrix of one who has been damaged by the acts of a defendant and the same person in her individual capacity, when she has been injured by a continuance of the acts complained of, where the obvious purpose of such joinder is the prevention of multiplicity of action and the complete determination of the matters in controversy.

The plaintiff in this action did not acquire by the devise of the land to her the right to recover for the injury to the rental value while Marvin Gould was the owner of the fee. A right of action therefor accrued to the owner of the premises, upon the happening of the injury, and could not, thereafter, pass with the land. *Robinson* v. *Wheeler*, 25 N. Y. 252; *Griswold* v. *M. E. R. Co.*, 122 id. 102, 106. It was a personal asset, and, while it is true that under the will Eliza H. Gould became the sole beneficiary of Marvin Gould, the personal assets passed to her as executrix, and did not vest in her individually until upon the

Misc.]    State of New York, Court of Claims, July, 1918.

settlement of the estate. The right to recover for the injuries done to the property of Marvin Gould, during his lifetime, passed to his executrix (*Shepard* v. *Manhattan R. Co.*, 117 N. Y. 442; *Griswold* v. *Metropolitan E. R. Co., supra*), who happens in this particular case to be the sole beneficiary.

But she takes individually only what remains after the settlement of the debts of the decedent and the judicial settlement of her accounts. Until the happening of that event, the executrix was entitled to receive the damages sustained during the lifetime of the testator, and to enforce their payment, by action, if necessary, as part of the estate to be administered by her. *Griswold* v. *Metropolitan E. R. Co., supra.*

As the owner of the fee of the premises, Eliza H. Gould is clearly a necessary and proper party to this action for injunctive relief and for such damages as she may have suffered since the premises passed to her ownership. Being a necessary and proper party, both individually and as executrix of the estate of Marvin Gould, the case is brought within the rule of *Shepard* v. *Manhattan R. Co.*, 117 N. Y. 442, where the court had under consideration a parallel case.

We are of opinion that the plaintiff is entitled to judgment on the pleadings for the relief demanded in the complaint, but, as the general practice permits a demurring party to plead over, the demurrer will be overruled and the defendant be permitted to answer on payment of costs to the plaintiff.

Demurrer overruled.