" Our conclusion, therefore, is that the judgment should be affirmed, with costs."

*James C. Church* for appellant.

*Benjamin B. Kenyon* for respondent.

EARL, Ch. J. reads for affirmance.
All concur.
Judgment affirmed. _____

WILLIAM H. CROSSMAN et al., Respondents, *v.* THE UNIVERSAL RUBBER COMPANY, of New York, Appellant.

While, where the pendency of a former suit or proceeding is pleaded in abatement, if it is shown that the former action or proceeding has been withdrawn or discontinued, or if it is an action or proceeding *in rem.* that it has been finally disposed of without producing sufficient to pay the debt the plea fails, the evidence of the termination of the earlier action or proceeding must be in the form of some judicial declaration to that effect.

Reported on a former appeal, 127 N. Y. 34.

(Argued February 8, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 15, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

This was an action upon a promissory note given by defendant to plaintiffs upon the purchase of a quantity of goods.

The facts, so far as material, are set forth in the opinion, which is given in full:

" Upon a former appeal (127 N. Y. 34), it was held that there had not been such an election of inconsistent remedies as would bar this action, but that the pendency of the attachment proceedings instituted by plaintiffs in the Circuit Court of Hudson county, New Jersey, and of the suit in chancery in that state brought by them for the sequestration of defendant's property for the payment of its debts, were available as a plea in abatement, unless it could be shown that such pro-

ceedings and suit had terminated, or that nothing had been or could be realized therefrom for the payment of the defendant's indebtedness to the plaintiffs.    Upon the trial now under review it was established beyond controversy that the attachment proceedings had been effectually discontinued, and they, therefore, cannot be further relied upon as a defense to this action.

" But it appears that the chancery suit is still pending, and it was not sufficiently proven that the plaintiffs would not eventually receive satisfaction of their debt, or some part of it, by means of the remedy which it provided.    It is conceded that there has been no order or decree therein adjusting or settling the accounts of the receiver and determining the amount of assets for which he is responsible, or determining what sum, if any, the plaintiffs are entitled to as the creditors of the defendant.    The only evidence upon the subject was given by the receiver, who testified that he had collected the sum of $9,221 ; that he had paid out for costs, commissions, personal expenses, and other disbursements in administering the trust, $8,357. This statement included a claim of his own for fees and expenses amounting to $3,700, upon which he had drawn $1,500, leaving $2,200 unpaid, with a balance in his hands of but $863 to satisfy it.    It also included the sum of $600 paid to the attorneys of the plaintiffs in this action and $500 to their attorneys in the attachment proceedings, who were also their solicitors in the chancery suit.

" It did not necessarily follow from such proof that the chancery suit would be unproductive of any advantageous results to the plaintiffs.    The court could not on the trial of this action properly take and state the account of the receiver or determine from his oral evidence alone that there would ultimately be no funds in his hands out of which the creditors of the defendant could be paid wholly or in part.    The defendant could not reasonably be expected to be prepared to meet any such question upon the trial, as it was not embraced within the issues framed by the pleadings.    In our judgment this obstacle in the way of plaintiff's recovery could not be overcome except by showing that the chancery suit had in some manner terminated without affording substantial relief, or that

by some final order or decree therein it had been adjudged that no property had come into the possession of the receiver which was applicable to the payment of the plaintiff's debt, or that if any amount had been so received it was insufficient for such purpose. The recovery here could not be for any greater sum than remained unliquidated after applying what might be realized in the proceedings in the New Jersey courts.

"The ground upon which it is held that the pendency of an action or proceeding for the collection of a debt operates to abate another action or proceeding subsequently commenced for the same cause is the injustice and oppression of permitting the creditor to have the means of twice collecting the same debt. But when it is shown that the former action or proceeding has been withdrawn or discontinued, or if it is an action or proceeding *in rem*, that it has been finally disposed of without producing sufficient to pay the debt, the obstruction to the prosecution of the later action or proceeding is removed, and the plaintiff may proceed to trial and judgment therein.

"But the evidence of the termination of the earlier action or proceeding must be in the form of some judicial declaration to that effect. Usually it is an order of discontinuance, as was shown in this case with respect to the attachment proceedings, and we have been unable to find any precedent for holding that the plea in abatement is avoided by any proof short of record evidence that the former proceeding has not resulted in a recovery of the debt.

"The opinion of this court upon the former appeal is not in conflict with this view, but on the contrary, is in harmony with it. While it was there stated that the chancery suit would not be a defense in abatement if the plaintiffs could show that nothing had been or could be realized therein by them as the creditors of the defendant, it was assumed, to quote the language of the learned judge, that this would be "shown by evidence legitimate for that purpose." Such evidence was not given, and for the want of it the plaintiffs were not entitled to recover.

"The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event."

*Benjamin Estes* for appellant.

*Carlisle Norwood* for respondent.

MAYNARD, J., reads for reversal and new trial.
All concur.
Judgment reversed. _____

JOHN FLANNERY, Respondent, *v.* J. WESLEY VAN TASSEL,
Appellant.

Where a sale of goods is attacked by the creditors of the vendor as fraudu-
lent, his declarations to third persons after the sale, respecting the trans-
action, are not competent against the vendee, in the absence of evidence
tending to show that the latter was engaged in a joint scheme with the
former to defraud others.

(Argued March 1, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 19, 1891, which affirmed a judgment in favor
of plaintiff, entered upon a verdict.

The following is the opinion in full:

" The plaintiff brought the action to recover the value of
certain personal property which, as he alleged, had been
wrongfully taken from him. The defendant had seized it,
in his capacity as sheriff, under a warrant of attachment;
issuing at the suit of a creditor of one McManus. Upon the
trial of the action there was evidence given of a sale and
transfer by McManus to plaintiff of the property in question,
in consideration of the plaintiff's assuming and paying liabil-
ities of McManus to the village of Fishkill Landing, as its
treasurer, and to plaintiff and others. There was evidence
also, showing that immediately upon the sale the plaintiff took
possession of the property sold and continued in that posses-
sion until the seizure by the defendant, which occurred two
days afterwards. Further, there was evidence tending to
establish the payment by plaintiff of McManus' liabilities and
that they equalled, if not exceeded, the value of the property
transferred; as estimated, or as realized upon. During the