CATHERINE S. HUNTER, Respondent, v. THE MANHATTAN
        RAILWAY COMPANY et al., Appellants.

In an action instituted in 1889 to restrain the operation of an elevated rail-
road upon a street in the city of New York in front of plaintiff's prem-
ises, and to recover damages, the complaint alleged that prior to March,
1887, plaintiff owned an undivided third of the premises as a tenant in
common, and that she then acquired by purchase the interests of her
co-tenants, who also assigned to her their rights of action and claims
for damages.  Plaintiff claimed for damages sustained prior to March,
1887, as well as since.  On the trial defendants moved that the action be
severed and that the claim for damages acquired by assignment be sent
to a jury, this was denied   *Held*, no error, that if the court decided
that the claim for equitable relief was well founded, it was within its
discretion to assess all the damages sustained to which plaintiff was
entitled, whether belonging to her as owner or acquired by assignment,
and that defendants had no absolute right to have them determined by
a jury.
The trial judge found that prior to the commencement of the action all
the parties who were co-tenants with plaintiff duly assigned to her, for
a valuable consideration, all their rights of action by reason of the
diminution in value of the premises or the rental value by reason of
the construction and maintenance of the road.  To this finding the defend-
ants excepted, "and separately to so much thereof as finds that the
plaintiff ever took from her co-tenants an assignment for valuable con-
sideration of any rights of action as therein stated "  Upon appeal it
was claimed by defendants that there was no evidence of assignment
by certain of the former tenants in common.  *Held*, that the point was
not presented by the exception and so could not be considered
In such an action expert evidence is admissible to show the general effects
caused by the maintenance and operation of the road upon abutting and
neighboring properties.

(Argued February 8, 1894, decided February 27, 1894.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
July 5, 1892, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Alexander S. Lyman* for appellant. The learned trial judge erred in denying the defendants' motion for a jury trial of the claim for rental damages held by the plaintiff by assignment, and incidental only to the ownership of her predecessors in title. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436; *Griswold* v. *M. E. R. Co.*, 122 id. 102; *Williams* v. *N. Y. C. R. R. Co.*, 16 id. 97; 1 Washb. on Real Prop. 665; *Dupuy* v. *Strong*, 37 N. Y. 372; *Crippen* v. *Morse*, 49 id. 69; *Lynch* v. *M. E. R. Co.*, 129 id. 274; *Shepard* v. *M. E. R. Co.*, 131 id. 215; *Davis* v. *Morris*, 36 id. 569, 572; *People* v. *A. & S. R. R. Co.*, 57 id. 161, 174; *Wheelock* v. *Lee*, 74 id. 495, 500; *Brayton* v. *Sherman*, 119 id. 623; *Halpin* v. *P. Ins. Co.*, 118 id. 165; *Mackellar* v. *Rogers*, 109 id. 468; *Coleman* v. *Dixon*, 50 id. 572, 574.) The recovery is based upon evidence repeatedly condemned by this court as substituting the judgment of expert witnesses for that of the trial judge. (*McGean* v. *M. E. R. Co.*, 117 N. Y. 219; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455; *Doyle* v. *M. E. R. Co.*, Id. 488; *Gray* v. *Same*, Id. 499; *Kernochan* v. *N. Y. E. R. R. Co.*, 130 id. 651; *Becker* v. *M. E. R. Co.*, 131 id. 513; *Jefferson* v. *N. Y. E. R. R. Co.*, 132 id. 483.) The plaintiff was allowed to recover damages in this action suffered by other persons not parties to the action, and not secured to the plaintiff by assignment. This was error. (*Griswold* v. *M. E. R. Co.*, 122 N. Y. 102; *Briggs* v. *Boyd*, 56 id. 289; *Post* v. *Campbell*, 83 id. 279.)

*Henry R. Beekman* for respondent. The motion to dismiss the complaint on the ground that it stated no cause of action in equity was properly denied. (*Thompson* v. *M. R. R. Co.*, 130 N. Y. 360–363.) The indorsement made by the trial judge upon the defendants' proposed findings of fact and conclusions of law was sufficient. (Code Civ. Pro. § 1023; *McCullough* v. *Dobson*, 133 N. Y. 114; *Bank of Attica* v. *M. N. Bank*, 97 id. 639.) It was not claimed by the defendants that there was any special benefit to the property in suit by reason of the construction and operation of the defendants'

road.   The defendants' proposed findings of fact that there was such benefit was, therefore, immaterial, and the court did not err in declining to find it.   (*Bookman* v. *E. R. R. Co.*, 137 N. Y. 302; *Bischoff* v. *N. Y. E. R. Co.*, 138 id. 263; *Adler* v. *M. E. R. R. Co.*, Id. 173; *Livingston* v. *E. R. R. Co.*, Id. 76.)   The defendant is liable to owners of property abutting upon the streets through which the railroad passes for damages caused by the construction and operation of its railroad, and it makes no difference whether such streets are opened under the act of 1813, reserved by the city under grants made of adjoining property, or were Dutch streets.   (*Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96; *Abendroth* v. *M. R. Co.*, 122 id. 1; *Kernochan* v. *N. Y. E. R. R. Co.*, 128 id. 559–563.) None of the defendants' exceptions to the admission of evidence was well taken.   (*McGean* v. *M. R. Co.*, 117 N. Y. 219; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455; *Doyle* v. *M. R. Co.*, Id. 488; *Drucker* v. *M. R. Co.*, 106 id. 157.) The defendants' exception to the findings of fact as made does not raise the question as to whether the proof is sufficient as to the assignment of all the co-tenant's interests.   (*McMahon* v. *N. Y E. R. R. Co.*, 20 N. Y. 463; *Graham* v. *Chrystal*, 2 Abb. Ct. App. Dec. 263.)

GRAY, J.   This is one of the many actions brought by property owners along the line of the elevated railroads in the city of New York, to obtain equitable relief by way of injunction, restraining their continuance, and an award of the damages sustained by their construction and operation.   The plaintiff's property is situated upon Pearl and Water streets; having a frontage upon each street.   The defendant's road is upon Pearl street.   The plaintiff, prior to March, 1887, was seized of a one undivided third part of the premises; being tenant in common with a brother, two sisters and the children of a deceased sister.   Upon the day mentioned, she acquired by purchase at public sale the interests of her co-tenants. Having thus become the sole owner of the premises, she instituted this action in 1889.   She claimed in her complaint for

the damages sustained for a period of time prior to March, 1887, as well as since; alleging the execution of assignments to her by the other owners of the premises of their rights of actions and demands for damages. When the trial came on, the defendants moved that the action be severed and that the claims for rental damages acquired by assignment be sent to a jury for trial. The motion was denied and it is urged that the denial was error. As the action was one in equity, where the main relief sought was an injunction against the continuance by the defendants of acts in violation of the plaintiff's property rights, an award of damages, for what past injuries might be shown to have been inflicted, would follow as incidental to the main relief. In such an action, it is the settled rule that if the court decides that the claim for the equitable relief is well founded, it may proceed to assess the damages sustained, in its own discretion, and no absolute right exists to have them determined by a jury. (*Lynch* v. *Metropolitan E. R. Co.*, 129 N. Y. 274.) When the plaintiff brought her action, she represented in her person every interest in the property and if she were found and should be adjudged to be entitled to the equitable relief she demanded, in the exercise of the jurisdiction which it had acquired over the action, the court would have the right to assess the damages down to the time of trial, which had been suffered in the use of the premises. If they, as matter of fact and of law, then belonged to the plaintiff, of what consequence is it that they were not, during all the time for which they were awarded, hers to recover? The plaintiff was for all the time, for which a recovery of damages was permissible, an owner of the premises, with property rights for which she could demand protection and compensation. She became sole owner before the commencement of the action; possessing as such the right, solely, to demand the equitable interference of the court to protect the rights appurtenant to that property. In addition, she, through assignments of all demands, was legally entitled to recover and to receive whatever damages should be ascertained to have been sustained in the diminished enjoyment

of the property as a whole. There was no just reason for a sever-
ance of the claim and for sending so much of it as was held
under assignment to a jury trial.   Such a course would have
been opposed to the principle upon which a court of equity
proceeds in the disposition of a cause before it.   In the
*Shepard Case*, (117 N. Y. 442), the widow of a deceased
tenant in common joined with the surviving tenants in com-
mon as plaintiffs, in a similar action.   She was joined in her
capacity as administratrix, claiming the past damages to the
estate of her intestate ; as well as in her individual right, as
widow and claimant in dower.   On demurrer to the com-
plaint, it was insisted that she should not have been joined in
her capacity as administratrix; as her cause of action, as
such, was to recover the temporary damages, which her intes-
tate had sustained in his lifetime and she had none arising out
of the continuance of the road.   But we held that though as
administratrix she might have maintained a separate action at
law, there was no objection to her presence in the action ; that
the object of the Code and the aim of equity were to avoid a
multiplicity of actions and to effect a complete determination
of all matters, which may come into controversy between the
same parties, by one action ; and that there was no reason why
separate actions should be brought by those upon whom had
devolved, and who, in their combined personalties, repre-
sented, the property interests of the intestate owner.   With-
out greater elaboration of this point, I think the application
of the principle of that decision is decisive of this contention.

The appellants further contend that the plaintiff was
allowed to recover for damages suffered by other persons, not
parties to the action, and not secured to the plaintiff by
assignment.   They say that the evidence was wanting of the
assignments by certain of the former tenants in common.
They are not in a position, however, to raise this point.   The
trial judge made the following finding of fact :

" That, prior to the commencement of this action, all the
parties who were co-tenants with the plaintiff of the said
premises prior to the 29th day of March, 1889, and had been

such co-tenants for more than six years prior to the day last mentioned, duly assigned and set over for a valuable consideration to this plaintiff all their right or rights of action against the defendants for or by reason of the diminution in value of the said premises or the rental value thereof by reason of the maintenance or construction by defendants of an elevated railroad past the said premises."

To this finding the defendants excepted as follows viz. :

" To the third finding of fact, and separately to so much thereof as finds that the plaintiff ever took from her co-tenants an assignment for valuable consideration of any rights of action as therein stated."

The exception is too general to be available in the present manner. The finding is very comprehensive as to facts and their legal effect, and the exception fails even to suggest the defect in proof now relied upon. If it was intended to raise the point that there were lacking in the case some assignments of their rights by the former part owners, the exception should have specifically so stated; in order that, attention being called to the fact, an opportunity might be afforded either to supply an inadvertent omission; or to remit so much of the award as the plaintiff lacked evidence of title to through assignment. The defendants might have raised the point by a request to find that the rights of action were not all assigned to the plaintiff; but, though they presented very numerous requests, there was no suggestion on this head. Nor are appellants aided, upon this point, by the exception to the conclusion of law " that the plaintiff was entitled to judgment for the sum of $12,250, the amount of damages recoverable up to the time of trial by reason of the wrongful acts of the defendants, etc." The exception only raised the question whether such a legal conclusion directing judgment for the plaintiff followed upon the facts found. The exception should have specifically stated the ground of error now presented, for reasons previously stated, and not having been specific, it cannot now be resorted to to reverse this judgment.

Exceptions were taken to the admission of evidence. Wit-

nesses were examined for the plaintiff and shown to be expert in matters of real estate. One was asked the question: "In your judgment was there anything in the condition of Beaver and Water streets which should induce the upward rise in values greater than would have existed in Pearl street had there been no elevated railroad?" Another witness was asked: "Would the existence of such a structure and the running of trains as described affect the rental value of the property in front of which it was constructed?" The witness being allowed to answer that "It would affect the rental value;" he was then asked, "Would it affect it favorably or unfavorably in your judgment?"

The grounds of defendants' objections were that those questions called for the opinion of the witness on the point which the court was to pass upon. We think there was no error committed in overruling the objections. Within our decisions, in the course of this elevated railroad litigation, evidence is admissible to show the general effects caused by the maintenance and operation of the elevated roads upon abutting and neighboring properties. It is inadmissible to show what is the particular damage caused to the plaintiff's premises by the presence of the road; or to show what they would be worth, or what their rental value would be, without the road. Questions of this latter class have been held to be an invasion of the province of the court, or the jury; and the rule, as it is now laid down, rigidly excludes questions calling for the judgment of the witness upon the question which is to be submitted and decided. But questions of the former class are permitted, for the reason that the general effects upon other properties and the existence and nature of a general injury being shown to the court, or to the jury, they will be better enabled to infer the amount of the damage suffered in the particular case before them. The question for the tribunal in each case is, whether, by the construction and operation of the elevated railroad, there has been an intrusion upon the complainant's property rights to his actual prejudice and damage; and the determination of the question is to be made, not merely by

what may be shown with respect to the fee and rental values before and since the railroad came into the street, but upon a view of its general effects upon other abutting premises and upon the neighborhood. If it shall appear that the presence and operation of the elevated railroad have been prejudicial to, and have damaged, abutting properties, the part of the general loss, which is the complainant's, is to be estimated by the court, or by the jury, with such material in facts as they have and with such aid as the general view of the effect upon other properties, similarly situated, or furnishing a basis for comparison and for judgment, can furnish. Exceptions were taken by the defendants to the admission of certain evidence, upon the cross-examination of a witness called by them to testify in their behalf as to values and effects. We think the character of the evidence given upon his direct examination warranted the questions addressed to him upon his cross-examination and it is unnecessary to dwell upon the exceptions.

We find no errors committed upon the trial, which call for a reversal of the judgment, and the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.