LAURA B. INGALSBE, Appellant, *v.* JULIA MURPHY and Others, Respondents; NELLIE R. INGALSBE and Others, Defendants.

*Mortgage foreclosure — the amount due the mortgagor's estate or his heirs by the mortgagee deducted — an accounting ordered — equity jurisdiction extended to all necessary relief — multiplicity of suits and expenses avoided.*

In an action brought to foreclose a mortgage the maxim applies that he " who comes into a court of equity must do equity."

Where a debt, secured by a bond and mortgage, has become due, and the only persons interested in the estate of the deceased mortgagor, except the creditors thereof, are the children of the mortgagor and their descendants, the plaintiff, in an action brought to foreclose such mortgage, if in any manner indebted to the testator at the time of his death, must allow the amount of such debt to be deducted from the amount due upon the bond and mortgage.

If, since the death of the testator, the mortgagee, who is also the guardian of the testator's children and the trustee of his property, including the mortgaged property left in trust for the benefit of the testator's children, has become, by appropriating or withholding a portion of such trust property, indebted to such children, the amount of such indebtedness will be deducted from the amount of the claim of the mortgagee against the testator's estate. In such foreclosure action, where no accounting has been had between the parties, it is proper that an accounting between the mortgagee and her *cestuis que trust* should be ordered.

To do complete justice between the parties, a court of equity will retain a cause for the purpose of affording all necessary and adequate relief.

It is the object of the Code of Civil Procedure, as it is of equity, to avoid a multiplicity of actions and useless expense, and to effect by one action a complete determination of all matters which may come into controversy and litigation between the same parties.

APPEAL by the plaintiff, Laura B. Ingalsbe, from portions of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Washington on the 29th day of October, 1894, upon the decision of the court rendered at the Washington Special Term, directing the foreclosure and sale of certain mortgaged premises.

*L. H. Northup,* for the appellant.

*D. J. Sullivan,* for respondent Julia Murphy.

*A. D. Arnold,* for guardian *ad litem* and Howard Ingalsbe.

HERRICK, J. :

In March, 1877, one Lyman L. Ingalsbe, the brother of the plaintiff, executed and delivered to the plaintiff a bond and mortgage for the sum of $3,377. Lyman L. Ingalsbe died July 25, 1880, leaving a last will and testament, wherein he appointed Milo Ingalsbe his executor. At the time of his death he owned the real estate covered by the mortgage in question, and several other pieces of realty in addition. By his last will and testament, all his property, both real and personal, after the payment of his debts and the payment of the dower right of his widow, was given to the plaintiff in trust for the benefit of his children, until the youngest child should become twenty-one years of age, when the property should be divided equally between them. The youngest child became twenty-one years of age before the commencement of this action.

The trial court found, and there is evidence to sustain such finding, that, after the probate of the will, the plaintiff took possession of the real estate of the said Lyman L. Ingalsbe, as testamentary trustee under his said last will and testament, and has remained in possession of such real estate, as such trustee, down to the commencement of this action.

There has been no judicial or other settlement of the accounts of the plaintiff as such trustee. There is no evidence to show that the plaintiff ever took possession of any of the personal property of the testator.

The executor named in the will died some time before the commencement of this action, without having settled the estate, and no administrator with the will annexed has ever been appointed in his place.

The defendant Julia Murphy is one of the children of Lyman L. Ingalsbe. The plaintiff commenced this action for the foreclosure of the mortgage in question. The defendant Julia Murphy interposed an answer to the plaintiff's complaint, in which she alleged, upon information and belief, that the bond and mortgage referred to in the complaint had been fully paid and satisfied before the commencement of the action.

For a further defense she recites the provisions of her father's will, wherein the plaintiff is made the guardian of all his children who were under the age of fourteen years at the time of his death,

until they should respectively attain the age of twenty-one years; and also the provision in said will by which all his property, both real and personal, after the payment of his debts and satisfaction of the dower right of his widow, was devised to the plaintiff in trust for the benefit of his children. And alleges that after the probate of said will the plaintiff entered upon the discharge of her duties as such trustee, and took possession as such trustee of the property named in the mortgage and the other property of the testator, and continued in the exclusive possession and control thereof down to the present time; and that during all such time the plaintiff has received large sums of money on account of such trust, and that she has supported herself almost entirely out of such property, and that she has never accounted for the property so received by her, and asks that she be compelled to render an account as such trustee, and that anything found to be due from her from the receipts of such property be charged against the bond and mortgage in question.

Upon the trial the court found the amount due for principal and interest upon said mortage to be $3,674.65, and directed a sale of the premises covered by such mortgage, and that after deducting the costs and expenses of such sale the proceeds thereof be paid to the treasurer of the county of Washington, subject to the order of the court. The court further held that the defendant Julia Murphy was entitled to an order of reference to take proof of the accounts of Laura B. Ingalsbe as such testamentary trustee, and report the same to the court, and ordered that all other questions be reserved until the coming in of such report.

The defendant Julia Murphy was the only defendant who made answer to the plaintiff's complaint, with the exception of the usual formal answer of the guardian *ad litem*, who had been appointed for several infants, the descendants of deceased children of Lyman L. Ingalsbe. The plaintiff appeals from that portion of the interlocutory judgment which directs the payment of the proceeds of the sale to the treasurer of Washington county, and the further provision in said judgment by which a referee is appointed to take and state the accounts of the plaintiff as trustee under the last will and testament of Lyman L. Ingalsbe, and report the same to the court, in order that the court " may direct the amount in her hands

as such testamentary trustee, if any there be, to be applied upon the amount so adjudged due upon said bond and mortgage."

The appellant, upon this appeal, claims that the court had no authority or jurisdiction to direct the proceeds of the sale of the mortgaged premises to be deposited with the clerk of Washington county, and had no authority in this action to compel the plaintiff to render an account as trustee, and no authority to deduct any moneys found in her possession, or due from her, as such trustee, from the amount of the mortgage, and no authority to withhold from her the amount due upon her mortgage until the settlement of her accounts as trustee.

She claims that that portion of the answer of the defendant Julia Murphy, in which she alleges the possession by the plaintiff as trustee of the testator's property, and failure to account for the same, was not properly pleaded; that it did not constitute a counterclaim to the plaintiff's cause of action, and was not a proper subject of investigation and trial upon the foreclosure of the mortgage in question. I think these contentions of the appellant are erroneous. The debt secured by the bond and mortgage in question has now become one against the estate of the mortgagor, and the only persons interested in that estate, except creditors thereof, are the children of the mortgagor and their descendants.

If the plaintiff had been in any form indebted to the testator at the time of his death, the amount of such debt would have been deducted from the amount due upon the bond and mortgage. The payment of this bond and mortgage subtracts so much from the estate which has been left in trust for the benefit of his children, and if, since his death, the mortgagee, who is also the guardian of his children, and the trustee of the property, including the mortgaged property that he had left in trust for their benefit, has become, by appropriating or withholding a portion of such trust property, indebted to such children, I can see no good reason in equity why the amount of such indebtedness should not be deducted from the amount of her claim against the estate.

An action to foreclose a mortgage is an equitable one. (Pom. Eq. Juris. §§ 112, 171.) And it is a familiar maxim "that he who comes into a court of equity must do equity;" and it seems to me simple equity that the plaintiff, before she forces payment of her

own claim, which takes so considerable a portion of the property of her wards and *cestui que trusts* from them, should deduct therefrom such amounts as she has received while she has been acting as trustee, if any, which have not been otherwise properly expended by her in the course of executing such trust. To hold to the contrary, and award her payment of the full amount due upon such bond and mortgage, and force her wards to compel an accounting in a separate action, would not only compel unnecessary litigation, circuity of action and expense, but might also practically result in their being unable, at the end of such action, to procure from their guardian and trustee payment of the amount found due from her to them. By that time the amount paid over to her upon her mortgage might be expended, dissipated, or by some means placed beyond the process of the court.

The plaintiff has come into a court of equity to enforce her rights; all the parties necessary to a determination of all the equities between her and the estate of the testator, and between her and the testator's children, are now before the court. The court has jurisdiction of the action, and has jurisdiction of the parties, and it is a familiar rule of equity that when it once obtains jurisdiction of a cause for one purpose, it may retain it generally. To do complete justice between the parties a court of equity will retain the cause for the purpose of affording all necessary and adequate relief. (*Lynch* v. *M. E. R. Co.*, 129 N. Y. 274-279; *Dammert* v. *Osborn*, 140 id. 30-45.)

"The object of the Code is, as it is the aim of equity, to avoid a multiplicity of actions and useless expense, and to effect a complete determination of all matters which may come into controversy and litigation between the same parties by one action." (*Shepard* v. *M. R. Co.*, 117 N. Y. 442-450; *Hunter* v. *M. R. Co.*, 141 id. 281-285.)

The case before us seems to me one peculiarly appropriate for the court to exercise its authority in compelling a settlement of all controversies and questions between the parties in one action. And the principles of equity enunciated in the cases cited are singularly applicable to the case of a creditor of an estate who is at the same time trustee of the same estate, and the guardian of the beneficiaries

of that estate, and who it is alleged has never rendered any account of her proceedings as such trustee and guardian, but is indebted to her wards for some portion at least of the proceeds or fruits of the property she has been in possession of, and managing, presumably, for their benefit.

The proceeding of the trial court in this action is in harmony with the principles herein set forth. It avoids " a multiplicity of actions and useless expense," and effects " a complete determination of all matters which may come into controversy and litigation between the same parties by one action," and insures a certainty of protection of the rights of the wards of the plaintiff by withholding from her the amount of her claim against the estate until she has settled her accounts with that estate.

For these reasons the interlocutory judgment appealed from should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Interlocutory judgment affirmed, with costs.