SCHMIDT v. NEW YORK EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department.   March 20, 1896.)

EXPERT TESTIMONY—DAMAGE TO PROPERTY FROM CONSTRUCTION OF ELEVATED
RAILWAY.

    In an action by a property owner for damages caused by the construction of an elevated railway in front of his property, expert witnesses cannot testify as to whether the construction of the railway tended to increase the value of the property.

Appeal from special term, New York county.

Action by John D. Schmidt against the New York Elevated Railway Company and others.   From a judgment for plaintiff for nominal damages, he appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

C. P. Cowles, for appellant.

J. C. Bushby, for respondents.

VAN BRUNT, P. J.   This action was brought by an abutting owner to recover damages for the taking of certain easements appertaining to his premises, and for an injunction.   Upon the trial, the court decided that the plaintiff had not established any right to relief, and gave the judgment above indicated.

It will not be necessary to consider the facts of this case at any length, because there are some exceptions which are fatal to the judgment.   Witnesses were offered upon the part of the defendants for the purpose of showing that the building of the elevated railroad tended to increase and add to the value of property situated upon the line of the road.   This evidence was objected to upon the part of the plaintiff, the objection was overruled, and an exception was taken.   It seems to have been held, at the instigation of the defendants, in repeated cases in the court of appeals (Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. 486; McGean v. Railway Co., 117 N. Y. 219, 22 N. E. 957), that such evidence is incompetent and improper, because it leaves the witness to determine the only question which the court is called upon to decide upon the evidence.   The court said, in the case of Ferguson v. Hubbell, 97 N. Y. 507, that it is generally safer to take the judgment of unskilled jurors than the opinions of hired, and generally biased, experts.   In the case of McGean v. Railway Co., above cited, the question was asked, "What would have been the rental value of the premises in the years 1878, 1880, and 1881, if the railroad had not been built?"   And it was held to be improper, because it was merely speculative, and speculative upon the only question which the court and jury were called upon to decide, and the question called for an opinion of the witness upon that very subject; the court saying that the case was one where the facts which formed the basis of the action could be specified, and should be stated, and the inference to be drawn from those facts should be drawn by the court and the jury. So, in the case at bar, the witness was asked, in substance, what

effect the construction of the elevated road had upon the value of the premises,—the very question which the court was called upon to determine from the evidence of the facts relating to the property. The same rule was laid down in the case of Hunter v. Railway Co., 141 N. Y. 281, 36 N. E. 400, where it was held improper to show what is the particular damage caused to the plaintiff by the presence of the railroad, or to show what the premises would be worth, or what their rental value would be, without the road; the court holding questions of this latter class to be an invasion of the province of the court and the jury, and that the rule, as now laid down, rigidly excludes calling for the judgment of the witness upon the question which is to be submitted and decided. The sole question involved in the investigation in the case at bar was whether the construction of the road had tended to increase or decrease the value of the property in question, and this, under the decisions, the court was called upon to decide, and not the witness.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.