objection that the witness did not make them, and that he was not familiar with the facts relating thereto.

The book in question was produced at the trial by the plaintiff, in compliance with the defendant's request, and, as it was admissible against the former (Abb. Tr. Ev. p. 302), the entries of the said items made therein should have been received in evidence. However, as we have seen, the plaintiff objected thereto, and, under the circumstances, it was not justified in putting in evidence the entries charging the defendant for the work in controversy.

It may be argued that other evidence was adduced upon the trial which tended to establish the plaintiff's case. The return discloses a sharp conflict of testimony with respect to the main question contested upon the trial, and, while there was sufficient competent evidence presented in plaintiff's behalf to have warranted the determination of the issues in its favor, yet it cannot fairly be said, after a careful perusal of the voluminous record, that the plaintiff's case was so conclusively proved by other competent evidence that not to have found in its favor would have been error. Baylies, New Trials, p. 451, and cases cited. Therefore the error in admitting the items referred to cannot be viewed as harmless, and so disregarded. Main v. Eagle, 1 E. D. Smith, 619; Hahn v. Van Doren, Id. 411; Decker v. Myers, 31 How. Prac. 372.

Entertaining these views, it follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(50 App. Div. 487.)

STEIGERWALD et al. v. MANHATTAN RY. CO. et al

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. APPEAL AND ERROR—NONSUIT—PRESUMPTIONS ON APPEAL.

Where a judgment is entered on the decision of a referee dismissing the complaint at the close of plaintiff's proof, being, in effect, a nonsuit, the plaintiff's case on appeal is entitled to consideration on the most favorable inferences deducible from the evidence, and all disputed facts should be treated as established in plaintiff's favor.

2. EMINENT DOMAIN—PROCEEDINGS TO ASSESS DAMAGES—EVIDENCE.

Testimony that property in front of which an elevated railroad has been constructed had depreciated in value, or that it has not appreciated in value as greatly as other property near by, but not affected by the elevated structure, would warrant an inference that it had been damaged by reason of the erection and operation of the road; hence a referee before whom such evidence was taken was not justified in nonsuiting the plaintiff.

3. SAME—DAMAGES—EXAMINATION OF EXPERT.

An expert can testify whether the erection and maintenance of an elevated road had any effect on the values of property on the street in which it was erected.

Appeal from judgment on report of referee.

Action by Isaac Steigerwald and another against the Manhattan Railway Company and another. From a judgment entered on the decision of a referee dismissing plaintiffs' complaint, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

A. J. Skinner, for appellants.

J. Osgood Nichols (Julien T. Davies, on the brief), for respondents.

HATCH, J. The form which the judgment of the referee assumes by the dismissal of the complaint at the close of plaintiffs' proof operated, in effect, as a nonsuit. Place v. Hayward, 117 N. Y. 487, 23 N. E. 25. The plaintiffs, therefore, upon this appeal become entitled to have their case considered upon the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in their favor. Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. On this construction of the evidence, it is quite clear that the plaintiffs had made a case entitling them, if the evidence was to be believed, to a judgment for substantial damages.

The testimony of the expert tended to establish that there was a depreciation in fee damage from the time of the construction and operation of the road to the date of the trial, in a substantial sum. If, however, it be assumed, as claimed, that in fact there was an increase in value, yet it was disclosed by the testimony that there had been a much greater advance in property situated upon the side streets, in the immediate locality in front of which there existed no elevated railroad structure, in a ratio beyond that of any increase in value of the plaintiffs' premises. In addition to this, the testimony respecting rental values, while not showing marked depreciation of the property owned by the plaintiffs, did show that other property in the immediate locality had depreciated in rental value from the date of the coming and operation of defendants' structure. While it is perhaps true that much just criticism can be made of the testimony offered to show damage to plaintiffs' property by reason of the construction and operation of the elevated railroad, yet it is equally true that upon the entire testimony it may easily be deduced that the plaintiffs' property has been damaged by the presence and operation of the defendants' railroad, and that a finding by a court or referee to that effect and an award of substantial damage would find support in the testimony which was given upon the trial. Whether such damage, measured by the testimony, be great or small, is not presently of consequence, as it is quite clear that the evidence would have warranted and supported a finding for an amount which, in legal contemplation, must be regarded as substantial. The proof showed most of the elements causing damage which were regarded as sufficient in Drucker v. Railway Co., 106 N. Y. 157, 12 N. E. 568. This, accompanied by proof showing either an actual depreciation of the fee value of the property, or, if not actual depreciation, a failure to appreciate as much as other property upon the side streets in the same locality, unaffected by the railroad, would furnish a basis from which the court could derive the inference that damage was inflicted upon the property by reason of the presence and operation of the defendants' railroad in such street. While it may be true that the court, upon all the

proof, would be authorized to find that the structure and operation of the railroad in this street inflicted no damage upon this property, yet it is equally true, as we have before observed, that the court would, upon the proof, have been authorized to find otherwise. This being the condition of the proof, the referee was not justified in non-suiting the plaintiffs, for which this judgment must be reversed.

Error was also committed in the rulings had upon the trial. The expert was asked: "Well, in your opinion, did the building of that elevated railroad and its operation have any effect upon the values of property in First avenue?" This was objected to, the objection sustained, and the proof excluded. Other questions were asked of this witness tending to elicit information upon this subject, which the court excluded. It is clear from the testimony that the questions sought to obtain an opinion which the witness was authorized to give as to the effect of the presence of the elevated structure and its operation generally upon the abutting premises in the streets through which it runs. In form it is nearly like, and in substance precisely like, the questions which were asked in Hunter v. Railway Co., 141 N. Y. 281, 36 N. E. 400, and which were held proper by the court. We think it was error to exclude this testimony, and that it should have been received.

In the disposition which we make of this case we do not determine that the plaintiffs are entitled to recover any damage, but we do determine that, upon the case as made, the court would have been authorized to award damages; and, as the referee reached the conclusion that no cause of action had been made out, we think he reached an erroneous conclusion, for which reason the judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.