if the culvert had remained unchanged since 1844. The proof is ample, however, to show that it has sunk from time to time since then, so as to impede the flow of water. The right to maintain the culvert as originally constructed did not include the right to maintain it as it was after the subsidence occurred. The prescriptive right set up here by the appellant is a right to do less than that of which the respondent complains, and is therefore of no avail. Am. Bank Note Co. v. N. Y. Elevated R. R. Co., 129 N. Y. 252, 29 N. E. 302.

The injunction granted by the judgment forbids the defendant "from causing or negligently permitting" the culvert to be obstructed. The appellant objects to this clause as imposing upon the Erie Railroad Company a liability for the acts of others as well as for its own acts, but we agree with the learned counsel for the respondent that this portion of the decree has no application to the conduct of any other party.

The evidence sufficed to warrant the learned trial judge in finding that the plaintiff's crops were injured in consequence of the sunken condition of the culvert to the extent of the amount awarded as damages, the result reached on each branch of the case appears to be correct, and the judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.

---

## HIRSCH v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. ABATEMENT—PENDENCY OF ANOTHER ACTION.
   The plea of the pendency of another action can only be supported by a showing that the former action was pending when the second action was begun.

2. SAME—WHAT CONSTITUTES PENDENCY OF OTHER ACTION.
   A mere showing that a summons in another action has been served is not sufficient to support a plea of the pendency of another action.

3. SAME—WAIVER OF PLEA.
   A plea of the pendency of another action will be deemed waived where a reliance thereon was in no way indicated by objection or motion during the trial, and defendant's motion to dismiss was based on entirely different grounds.

4. SAME—SUIT BY PLAINTIFF'S TESTATOR.
   The pendency of an action commenced by a testator to enjoin the operation of an elevated railroad in front of his premises is no bar to a suit by testator's devisee for injunctive relief and the recovery of damages sustained since he acquired title.

5. ELEVATED RAILROAD—DAMAGES—DEVISEE'S RIGHT TO RECOVER.
   The mere fact that a devisee has a right to maintain an action to enjoin the operation of an elevated railroad in front of his premises does not entitle him to recover damages accrued during the life of his testator.

6. SAME—ASSIGNMENT OF CLAIM FOR DAMAGES.
   Where a devisee had acquired by assignment the claims of his testator's estate to damages for the operation of an elevated railroad in front of the devised premises, he was entitled to have these past damages included in the recovery in a suit to enjoin the operation of the road.

---

¶ 3. See Abatement and Revival, vol. 1, Cent. Dig. § 123.

**7. SAME—WAIVER OF OBJECTION TO RECOVERY IN EQUITABLE ACTION.**

> Where a devisee who had taken an assignment of the claims of his testator's estate to damages for the operation of an elevated railroad in front of the devised premises asked recovery for the past damages sustained by him and the testator, in a suit to enjoin the maintenance of the road, and no objection was made to plaintiff's right to recover for the assigned damages, and proof thereof was received without objection, defendant waived any right it may have had to have these damages ascertained in an action at law.

> Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Otto Hirsch against the Manhattan Railway Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frederick Allis, for appellant.

W. G. Peckham, for respondent.

HATCH, J. This is an appeal by the defendant from a judgment enjoining it from further maintaining and operating its elevated railroad in front of plaintiff's property, No. 1325 Third avenue, in the city of New York, unless within a certain time it pays to plaintiff the sum of $2,000, and interest from October 15, 1901, the date of the trial, as compensation for fee damages, and also the sum of $2,013.46 for past rental damages from August 2, 1889 (a date six years prior to the commencement of this action), to the date of the trial, being at the rate of about $165 per year, which, together with costs and fee damages, makes a total recovery of about $221.85 per foot front for damages to property. The building upon the premises is a five-story brick store and tenement house, built in 1868, and about 50 feet in depth. The store is rented to a barber, the basement to a tinsmith, and each upper floor is let as one apartment. It has had modern improvements since 1898. The defendant's road at this point consists of three tracks and a station platform. The distance from the house line to the nearest track is 36 feet, to the station platform 24 feet.

The defendant contends that these damages are excessive, and that this action cannot be maintained because of the pendency of another action against this defendant by a former owner of the premises. One Kauffman Hirsch, father of the plaintiff, acquired title to the premises in question on the 2d of December, 1884. On the 27th of December, 1893, he died in possession thereof, leaving a will by which he devised the same to the plaintiff in fee. Such will was duly admitted to probate, and the executors appointed therein have duly qualified. On the 8th day of March, 1888, Kauffman Hirsch brought suit against the New York Elevated Railroad Company for an injunction and incidental past damages on account of the construction, maintenance, and operation of the elevated railway in front of the premises in question. That action never reached a trial. On the 11th of July, 1895, the executors of the will of Kauffman Hirsch assigned to the plaintiff all the cause of action owned by

their testator for injury to the rental value of the premises, and plaintiff brought this action on the 2d day of·August, 1895. By way of defense, the defendant has pleaded the pendency of the former action brought by Kauffman Hirsch.

The defendant by its appeal presents two questions for our consideration: First, that the defense of a former action pending was erroneously overruled; and, second, that the damages awarded are excessive, and contrary to the evidence. The former suit pending was properly pleaded, but such plea does not appear to have been urged upon the trial as a defense, nor was there any objection taken, or motion made, which raised such question. At the close of the whole case, defendant's counsel moved to dismiss the complaint upon the ground that the plaintiff had failed to show pecuniary damage as the result of the construction, maintenance, and operation of the defendant's road. This was the only motion made upon the trial, and, when made, it appeared by the admission that a summons in an action brought by Kauffman Hirsch against the defendant Manhattan Railway Company for an injunction and damages in respect of the premises in suit was served on March 8, 1888; but no evidence was offered to show what, if any, disposition had been made of such action, and it does not affirmatively appear that it was in fact pending at the time of the trial of this action. If it ·had been discontinued at any time before the trial was finished, or at its conclusion, it would be a complete answer to the plea. Crossman v. Universal Rubber Co., 131·N. Y. 636, 30 N. E. 225. Such a plea constitutes an affirmative defense (Code Civ. Proc. § 488, 498), and can only be supported by showing, as matter of fact, that the former suit was pending when the. second action was commenced. Porter v. Kingsbury, 77 N. Y. 164. There is no proof in the present case that the action brought by Kauffman Hirsch was pending when this action was instituted. The only thing which appears upon the subject, aside from the admission of the service of the summons, is found in the decision of the court, which states, "The said action never reached trial." This statement is quite as consistent with the fact that it had been discontinued as that it was pending. Proof of the commencement of an action is not sufficient to show that it is an action pending at the time when the plea is interposed. The party interposing such plea is bound to show, as matter of fact, the continued existence of such suit as a pending action. When that is shown, then it devolves upon the party against whom the plea is interposed to show a discontinuance. by some form of judicial declaration. Crossman v. Universal Rubber Co., supra. But until it is made affirmatively to appear that the action is pending and undetermined, the proof is insufficient upon which to found a plea in abatement. The admission in the present case is in the following language: "It is admitted that the summons in the action of Kauffman Hirsch v. Met. Ry. Co. for an injunction and damages in respect of the premises in suit was served March 8th, 1888." It is quite doubtful whether this admission is sufficient to show that a suit for the same cause of action for which the present one was instituted was ever commenced. It is well settled that it is not permissible to show by parol proof what an action

is for, if the summons only was served. To constitute a pending action, it must appear that a pleading was served which sought to obtain relief based upon the same facts as is the action against which the plea is interposed. The mere service of the summons, although it was intended at the time to enforce the same rights upon the same facts, is insufficient to support the plea, as the party might in his declaration count upon an entirely different cause of action. Curry v. Wiborn, 12 App. Div. 1, 42 N. Y. Supp. 178; Phelps v. Gee, 29 Hun, 202. In addition to this, the defendant not having raised any question by motion or objection which indicated any reliance upon the plea which had been interposed, and basing its motion for a dismissal upon a distinct ground which did not involve such question, it must be deemed to have waived this defense, and cannot now for the first time be heard upon such question in this court. Lynch v. Met. El. Ry. Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523; Pegram v. El. R. R. Co., 147 N. Y. 135, 41 N. E. 424.

But even if these technical reasons were not to prevail, we are of opinion that the plea is insufficient as a defense. Kauffman Hirsch devised this specific property by his will to the plaintiff. By virtue of that will there was a complete devolution of the title to the plaintiff, unincumbered by any conditions whatever. If the action brought by Kauffman Hirsch was then pending, it was in a dormant state, and could only be made a live action by revival in the name of the party in interest. The personal representatives in such action took no interest therein, so far as the equitable relief sought to be secured was concerned. The only interest which the personal representatives of Kauffman Hirsch took was in the claim for past damages. They, however, were not entitled to equitable relief, and, as the action was in equity for injunctive relief, no right existed to have the suit revived in their name for the purpose of recovering past damages. It is well settled in the elevated railroad adjudications that an equitable action will not be continued for the recovery of damages where the right to the equitable relief in the party entitled to the past damages has ceased to exist; consequently the only person in interest who could be substituted as the plaintiff in the action, or have the right to such substitution, was the plaintiff in the present action. Code Civ. Proc. § 1522. If resort had been had to revivorship and substitution, it might have resulted in reviving the equitable action in favor of the present plaintiff, and the right of recovery of past damages in the name of the personal representatives of the deceased. The latter action would be an action at law, triable by a jury, and, if insisted upon by the defendant, could be tried in no other forum. The plaintiff, however, in this action was not required to resort to any such remedy. The trespass which furnished the basis for the action was a continuous one, and a cause of action for such trespass arose coincident with the devolution of the title. He was then the only person in existence who could maintain an equitable action for injunctive relief. This action he could bring at any time after title was vested in him and the trespass continued. The plea of a former suit pending would be unavailing against such an action, as the right to its maintenance depended upon the trespass of the defendant, his ownership,

758   82 NEW YORK SUPPLEMENT   (Sup. Ct.

and 116 New York State Reporter

and damage to the property. The right was as perfect in the plaintiff at the commencement of his action as was the right at any time of his predecessors in title. It was based upon the past, present, and continuous trespass after he took title, from which, if it damaged the property, so long as the easements had never been acquired, a cause of action arose, which was entirely independent of any cause of action sought to be enforced by the deceased. It follows, therefore, that the plea in bar is utterly unavailing against the plaintiff's right to maintain an action to procure injunctive relief. The plaintiff is also clearly entitled, as an incident to such action, to recover the past damages which he has sustained from the time when he succeeded to the title up to the determination of the action, and no plea in abatement can avail to defeat these rights. As to the past damages which had accrued during the time when the deceased was the owner of the property, there is no right of recovery in the plaintiff, based solely upon his right to maintain the action for injunctive relief after he succeeded to the title. The mere ownership of the property gave him no right to the past damages. This, however, would only go to the measure of his recovery, and not to his right to maintain the action. His right to recover the past damages rests upon different circumstances. It appears that prior to the commencement of the action, and after the plaintiff had succeeded to the title, he received, by assignment from the personal representatives of the deceased, title to all of the past damages which the estate of the deceased might have recovered. At the time, therefore, when this action was brought, the plaintiff not only possessed the right to obtain injunctive relief, but he had also acquired the right to enforce against the defendant and recover all of the past damages authorized by law. It has been held many times that the right to recover the damages arising out of the trespass is incidental to the granting of equitable relief. In Lynch v. Met. El. Ry. Co., supra, it was held that where a court of equity gained jurisdiction of the action it might retain it generally, do complete justice between the parties, and award damages as incidental to the main relief sought. In Shepard v. Manhattan Ry. Co., 117 N. Y. 442, 23 N. E. 30, the premises, the subject of the action, were owned by certain persons as tenants in common. One tenant died intestate, leaving, him surviving, a widow, certain children, and heirs at law. The plaintiffs in the action and the children of the deceased were seised in fee of the premises. When the action was brought, the widow of the deceased tenant was joined as a party plaintiff in two capacities, one as administratrix of the deceased tenant, and the other individually for a determination of her dower interest. Upon demurrer to the complaint, the court held that she was properly joined as a party in respect of her dower interest, and that in respect of her capacity as administratrix, while she might not have been a necessary party, she was held properly joined, for the reason that she and the other parties were entitled to the equitable relief which the action sought to obtain, and, as she was interested in the damages which might be awarded as incidental to the granting of equitable relief, she was properly brought in as administratrix interested therein, and that it was proper so to do in order to avoid a

multiplicity of actions, and to effect a complete determination of all the matters which entered into the controversy between the parties. It was conceded in that case that she had the legal right to maintain an action at law for the recovery of past damages, but that, as equity had laid hold of the whole controversy, it would adjust and adjudicate upon the entire rights of the parties and direct such judgment as was proper. The doctrine of this case was re-enunciated in Hunter v. M. R. Co., 141 N. Y. 281, 36 N. E. 400. Therein the plaintiff was seised of an undivided third part of the premises affected by the operation of the railroad, being a tenant in common with a brother, two sisters, and the children of a deceased sister. Before bringing the action she acquired the interests of her cotenants, and became the sole owner of the premises. When the trial commenced, the defendants moved that the action be severed, and that the claim for rental damages, acquired by assignment, be sent to a jury for trial. This motion was denied, and it was held that as the action was one in equity, where the main relief sought was an injunction against the continuance of the defendants' act in violation of the plaintiff's property rights, an award of damages for the past injuries would follow as an incident to the main relief, and that, the plaintiff having acquired the whole interest, she was entitled to maintain the action; and, showing herself entitled to equitable relief, and being possessed of all the interests, the court would award past damages as incidental to the main relief to which the plaintiff was entitled. This case differs from these cases in one particular only. In the Hunter Case, supra, the successor in title had been interested in the property at the time when the right to injunctive relief and past damages accrued. In the present case, the plaintiff had no interest in the property at the time when the past damages accrued during the lifetime of Kauffman Hirsch. He only acquired his title at the death of Kauffman Hirsch. The past damages were, therefore, so far independent of his right to maintain injunctive relief that he could not recover therefor, based solely upon his title; but, when he took by assignment title to such past damages, then, both as to the property and the right to enforce the claim for past damages, he stepped, as matter of fact, into the shoes of the deceased, and, under such circumstances, I see no distinction in principle between his right to have an award for the past damages and the right which was upheld in the Shepard and Hunter Cases, supra. The court, in the Hunter Case, said:

"When the plaintiff brought her action, she represented in her person every interest in the property, and if she were found and should be adjudicated to be entitled to the equitable relief she demanded, in the exercise of the jurisdiction which it acquired from the action, the court would have a right to assess the damages, down to the time of the trial, which had been suffered in the use of the premises. If they, as matter of fact and of law, then belonged to the plaintiff, of what consequence is it that they were not, during the time for which they were awarded, hers to recover?"

This statement of reason is as applicable to the present case as it was to the plaintiff therein. Here the whole property right, both as to equitable relief and past damages, is vested in the present plaintiff. No other person has the right to maintain an action in any form to recover either the one or the other, and the same principle

which authorized the award for past damages in the Shepard and Hunter Cases, supra, is equally applicable to the plaintiff's present situation.

I am therefore of opinion that the plaintiff was entitled to maintain this action, and to recover therein not only the main relief, but, as incident thereto, the past damages to which he has acquired title. If, however, this conclusion should be wrong, there is another and sufficient answer to the claim. In the complaint the plaintiff asked for the recovery of the past damages sustained by him and by his assignors. Such was the theory upon which the trial proceeded, and proof was given without objection, upon this ground, of the amount of past damages sustained. The assignment through which the plaintiff took title to such past damages was received in evidence without objection, and there was not the slightest intimation during the whole course of the trial that the plaintiff, if entitled to recover at all, was not entitled to recover these damages. Concededly, he could maintain an action at law for their recovery, and even though he was not entitled to recover in the equitable forum, yet it was quite competent for the defendant to waive its rights in this respect and consent to a litigation of the whole question. This it has done, and nowhere did it interpose objection thereto. The doctrine announced in Lynch v. Met. El. R. Co., supra, therefore, finds precise application, and concludes the defendant from raising any question in respect of such subject.

The amount that has been awarded as damages, however, we think excessive. It is needless that discussion be had of this subject, as it announces no principle and furnishes no precedent. It follows that the judgment should be modified by reducing the fee damage to $1,500, and the rental damage to $1,862.33; and, as modified, the judgment should be affirmed, without costs to either party in this court. All concur, except VAN BRUNT, P. J., who dissents.