(9 App. Div. 533.)

REMSEN et al. v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTERS—EVIDENCE.

Error, if any, in permitting counsel to ask a witness, in an action for injuries to abutting property caused by the construction of an elevated railroad in front of plaintiff's property, whether, if there had been no elevated road in front of plaintiff's property, there would have been an increase in its value like a proven increase elsewhere, is cured by an answer that there would have been an increase, but without stating its probable extent.

2. EVIDENCE—DOCUMENTS—PAPER USED TO REFRESH MEMORY.

A paper which a witness has used to refresh his memory on cross-examination, and from which he was cross-examined, is admissible as part of the cross-examination.

Appeal from special term, New York county.

Action by Charles Remsen and William Manice, as executors of and trustees under the will of William Remsen, deceased (substituted for said William Remsen on his death during the pendency of the action), and Mary J. Edwards, Gerard M. Edwards, Mary M. Ostrander, and Laura J. Edwards, and Henry Lewis Morris and Mary J. Edwards, as executors of and trustees under the last will of Jonathan Edwards, deceased, against the Metropolitan Elevated Railway Company and the Manhattan Railway Company for an injunction and damages by reason of the construction and operation of defendants' elevated railroads in front of plaintiffs' property on Sixth avenue, in New York City. From a judgment for plaintiffs, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for appellants.
W. G. Peckham, for respondents.

INGRAHAM, J. We have examined with care the testimony in the light of the defendants' criticism, and it is sufficient to say that we think the findings of the court were sustained by the evidence. While it is true that in this case there was a sharp conflict in the testimony of the witnesses produced by the plaintiffs and by the defendants as to the values, both rental and fee, of this property during the period from 1873 down to the present time, and while much of the testimony given on both sides is unsatisfactory and contradictory, we think that the trial judge, having the witnesses before him and hearing their testimony, was in a position to judge of its effect, and of the weight to be accorded to it, and

that there was sufficient in the case to justify the findings. It is not necessary that we should go over the testimony, stating the facts testified to which we think justified the findings of the court below. It is sufficient to say that an examination of the whole testimony has satisfied us that such findings are sustained by the evidence.

There are several objections to testimony relied on by the counsel for the defendants. But two of them require notice. The plaintiffs were allowed to ask an expert witness called by them the following question: "Q. In your judgment, suppose there had been no elevated railroad on Sixth avenue; would there have been a like upward rise on Sixth avenue?" The witness had testified before this time as to increases in value of property of adjoining streets and avenues, and had been asked generally his opinion as to the increase of rental and fee values of such property. It may be that question is objectionable in form, although it would appear that the substance of the question was within the ruling of the court in the Hunter Case, 141 N. Y. 287, 36 N. E. 400. In that case a witness was allowed to testify as to whether or not the existence of this elevated railroad would affect the rental value of the property in front of which it was constructed favorably or unfavorably, and it was held that, while the amount of damage caused by the construction and maintenance of the road could not be testified to, the fact that damage was caused, or that the value of the property was affected unfavorably, was competent evidence for an expert witness. This question would seem to be within this ruling. The question was, not, therefore, subject to the objections specified by counsel for the defendants; but, however objectionable the question may have been, the answer of the witness rendered any objection to it valueless. The answer was simply that the property on Sixth avenue would have increased in value, without attempting to specify the amount of such increase, or without attempting to specify the amount of the increase in comparison with adjoining property. The answer thus brought the evidence expressly within the rule stated in the Hunter Case, supra. We would not be justified in reversing the judgment because of an incompetent question, when the answer to the question made the evidence entirely competent.

The only other objection to testimony that seems to require notice is the objection to the admitting in evidence of plaintiffs' expert's transcripts of recorded sales, but we think, under the circumstances, there was no error in receiving such transcripts in evidence. Upon cross-examination of plaintiffs' expert, the counsel for the defendants called the witness' attention to many transactions which purported to be sales of property in this vicinity; and during the cross-examination the witness produced a paper which he used for the purpose of refreshing his recollection, and that paper was subsequently used by counsel for the defendants in his cross-examination of the witness. After the cross-examination was completed, this paper which counsel for the defendants had used in his cross-examination of the witness, which he himself

inspected, and from which he had questioned the witness, was competent evidence, as a part of the examination of the witness, and to show the source of the information of the witness, and as an explanation of his testimony. It was not introduced as proving each individual transaction therein recorded. It was proper for the court to have before it the instrument upon which the witness had been interrogated, and from which he had made his answers; and it is quite clear that in admitting it the court considered it in this aspect only, and did not treat it as independent evidence of each separate transaction, apart from the witness' testimony as to such transaction.

The other objections to the testimony do not, we think, require notice; and, after a review of the whole case, we are satisfied that the award was moderate, and that there was no legal error committed. We think, however, under the circumstances of the case, that the interest allowed from annual rests, amounting to the sum of $8,190.98, should be deducted from the amount of the judgment, and that the judgment, with this modification, should be affirmed, without costs. All concur.