(49 Misc. Rep. 331)

### KERR v. NEW YORK ELEVATED R. CO. et al.

(Supreme Court, Special Term, New York County. February, 1906.)

1. EMINENT DOMAIN—DAMAGES—INJURIES TO REAL PROPERTY—INTEREST.
　　　In an action against an elevated railroad company for damages to an abutting owner, the allowance of interest on an award for past or rental damages rests entirely in the discretion of the court.
　　　[Ed. Note.—For cases in point, see vol. 18, Cent Dig. Eminent Domain, § 397.]

2. SAME—COMPUTATION OF INTEREST.
　　　In an action against an elevated railroad for injuries to adjoining property, an award of past or rental damages may be made up to the date of the trial, and on that sum interest is to be computed only from the date of the trial to the date of the judgment.
　　　[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 398-399½.]

Action by Hannah B. Kerr against the New York Elevated Railroad Company and others. On motion to resettle decision and judgment. Granted.

Charles A. Gardiner (Frank D. Allen, of counsel), for the motion.

Peckham, Warner & Strong (Charles H. Strong, of counsel), opposed.

GIEGERICH, J. This application is made by the defendants to resettle and amend the decision and judgment by striking out the provision for the payment of interest upon a certain sum, awarded as a portion of the past or rental damages, "from the 1st day of April, 1903," and to substitute in its stead the date "April 7, 1905." The action is brought in equity to restrain the further maintenance and operation of the defendant's elevated railroad in front of the premises in suit, and incidently to recover damages to the fee and for the loss of rents caused by the operation and maintenance of such railroad. The trial took place on the last-mentioned date, while the initial operation of the defendant the Interborough Rapid Transit Company took place on the date first mentioned. The plaintiff, upon two days' notice of settlement, submitted a proposed decision and judgment, which provided for the computation of interest on the portion of the rental damages in question from the said 1st day of April, 1903. As such decision and judgment appeared to be in the usual form, and no objection thereto was made by the defendants' attorney, they were signed and entered. The provisions referred to having since been observed by the defendants' attorney, this motion for a resettlement has been made, which first presents the question whether, in actions of this character, interest is recoverable on each annual rental damage award as a matter of right, or whether it is allowed or withheld according as the court determines, in its discretion, upon the facts in each case.

In Moore v. New York Elevated Railroad Company, 126 N. Y. 671, 27 N. E. 791, which was brought to recover damages for injuries to certain real property, caused by the construction, maintenance, and operation of the defendant's elevated railroad, it was held that in such actions the jury may in their discretion award interest upon unliquidated damages incapable of liquidation by computation, yet they are not bound to do so. It is claimed, however, by the plaintiff's counsel that the case just quoted was in effect overruled on the question of discretion by the subsequent decision in Wilson v. City of Troy, 135 N. Y. 96, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817. The action last cited was brought to recover damages for injuries to a horse hurt by falling into a trench, which it was charged was dug by defendants' employés and permitted to remain unguarded; and reliance is placed by plaintiff's counsel upon certain expressions of the judge writing the opinion of the court, at page 105, of 135 N. Y., page 46 of 32 N. E. (18 L. R. A. 449, 31 Am. St. Rep. 817), to the effect that in certain actions, such as trover, trespass, replevin, etc., the law gives interest on the loss as part of the damages. But it will be seen, upon a reading of the opinion in that case, that, instead of overruling the Moore Case, the court cited it in support of the rule that, where the value of property is diminished by an injury wrongfully in-

flicted, the jury may, in their discretion, give interest on the amount by which the value is diminished from the time of the injury. It should also be borne in mind that the Wilson Case was one for negligence, while the case at bar was, as seen, brought to restrain the operation and maintenance of an elevated railroad, and for incidental damages.

But, apart from all this, the court, in its opinion in the former case, also mentioned another class of actions in which interest cannot be recovered as of right, but where it may be allowed in the discretion of the jury, according to the circumstances of the case. That elevated railroad actions, including one for damages arising from the operation and maintenance of the road, belong to the latter class, and that such actions are not for trespass of the nature where interest is allowable as of right, clearly appears from the adjudications. In Kernochan v. N. Y. E. R. R., 128 N. Y. 559, 563, 29 N. E. 65, it was held that the building and operation of the road involved no actual entry upon the lands of the abutting owners, nor any direct injury to corporeal hereditaments, and that the act of the defendants was not, therefore, a trespass upon lands of another, as that injury is defined in the common law. It was further held that such an injury was remediable by an action for damages. technically known as an action of trespass on the case. The court in Moore v. N. Y. E. R. R., 130 N. Y. 523, 527, 29 N. E. 997, 14 L. R. A. 731, said, that:

"The liability of the defendant is, not that for which the remedy is by action in the nature of that formerly known as trespass quare clausum, but rather in the nature of that known at common law as an action on the case."

From all this it is clear that in actions of this kind the allowance of interest upon an award for past or rental damages rests entirely in discretion. It appears, moreover, from adjudications made since the Moore and Wilson Cases were handed down, that the allowance of interest on awards in cases of this character are not favored and have been striken out on appeal. See Klipstein v. N. Y. El. R. Co. (Super. N. Y.) 29 N. Y. Supp. 1145; Remsen v. Metropolitan Elevated R. R. Co., 9 App. Div. 533, 536, 41 N. Y. Supp. 593. Furthermore, so far as I can learn, it is the practice of many of my colleagues in this class of cases to award past or rental damages up to the date of the trial, and upon the sum so awarded to compute interest only from the date of trial to the date of the entry of the judgment. Such practice has been invariably followed by me, and I see no reason for departing from it in the present case.

The motion should therefore be granted, but without costs.